FILED

10 AUG -2 PM 3:46

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY: ____________

COPY

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

**BRYAN CAVE LLP**
Keith D. Klein (State Bar. No.184846)
Nafiz Cekirge (State Bar No. 255710)
Kamao C. Shaw (State Bar No. 253350)
120 Broadway, Suite 300
Santa Monica, California 90401-2386
Telephone: (310) 576-2100
Facsimile: (310) 576-2200
E-Mail: keith.klein@bryancave.com
nafiz.cekirge@bryancave.com
kamao.shaw@bryancave.com

Attorneys for Defendants
BANK OF AMERICA CORPORATION, COUNTRYWIDE FINANCIAL CORPORATION (erroneously sued as d/b/a/ BAC HOME LOANS SERVICING, LP), COUNTRYWIDE HOME LOANS, INC., RECONTRUST COMPANY, N.A.; and CTC REAL ESTATE SERVICES

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

PAUL RONALD, an individual; LISA RONALD, an individual; HEATHER BROUSSARD, an individual; MIKE LEE, an individual; TRACEY HAMPTON, an individual; PRISCILLA BOWIN, an individual; MARK BOWIN, an individual; BRIAN WEGESSER, an individual; MELVIN PAPE, and individual; GERALDINE PAPE, an individual; RENEE MCCLAIN, an individual; JOHANNES WERTTI, an individual; KIM BUNYAN, an individual; JON M. SHIDLER, an individual; AMY R. SHIDLER, an individual; JON MICHAEL SHIDLER, SR., an individual; MARILYN KAY SHIDLER, an individual; KEITH FURMAN, an individual; RENE MINNAAR, an individual; DOLORES HARRISON, an individual; PETER GRAF, an individual INDIA GRAF, an individual; MARK GARCIA, an individual; GUADALUPE GARCIA, an individual; ALEJO GUTIERREZ, an individual; MARIA GUTIERREZ, an individual; MARIA PAZARAN, an individual; BROWN TUIASOSOPO, an individual; LAURA TUIASOSOPO, an individual; ALLEN HUNTER, an individual; DENNIS

Case No. CV 10 5740-R (CWx)

[Los Angeles County Superior Court Case No. BC409444]

**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. SECTION 1332(d) (CAFA DIVERSITY JURISDICTION)**

[Filed Concurrently with Appendix of Exhibits in Support of Notice of Removal; Corporate Disclosure Statement; Statement of Interested Parties]

Action Filed: March 12, 2009
Trial Date: None Set

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

HARDIN, an individual; DONNA HARDIN, an individual; EVELYN DAY, an individual; ANDRES SABLAN, an individual; MIKE LEE, an individual; MARY MACDONALD, an individual; STEVEN A. JEDLOWSKI III, an individual; CARLOS ROMAN, an individual; JEROME CHARLES SEATON, JR., an individual; JOSEPH ANTONUCCI, an individual; JENNIFER NITRIO, an individual; KHALID SALEEM; , an individual; TRACIE GLASHAN, an individual; SUMMER SANDHOFF, an individual; ALICE H. WARE, an individual; TERRY W. WARE, an individual; DUSTIN HANNA, an individual; FRANK HERNANDEZ, an individual; DAVID BEAUBIEN, an individual; GREGORY T. HITTER, an individual; JOEL MARSHALL, an individual; GINA RODRIGUEZ, an individual; LEONARD WONG, an individual; JASON MCCORMICK, an individual; CAPRICE DAY-BORGESON, an individual; DANIEL BORGESON, an individual; TIMOTHY J. KLEMENS, an individual; MONICA L. KLEMENS, an individual; BRENT WELBURN, an individual; LYNN KIMBERLY, an individual; DONNA ROSBY, an individual; JACQUIE MARIE HANNA, an individual; TERRI O'CONNOR, an individual; GEORGE J. O'CONNOR, an individual; STEVEN W. MILLER, an individual; PETER KREUZER, an individual; EUNJAE JEONG, an individual; ROGER FENSTERMACHER, an individual; DENNIS KEMP, an individual; JOSEPH CINA, an individual; EVELYN IRVING, an individual; DANILO LUQUIAS, an individual; BRUNO MARTINEZ, an individual; BERTHA CREVOLIN, an individual; RONNIE CREVOLIN, an individual; PAUL JACKSON, an individual; HILARY JACKSON; an individual; JON OXIDINE, an individual; JOHN KEALEY, an individual; LOURDES FONTZ, an individual; WAYNE FONTZ, an individual; BRENDA DIMAGGIO, an individual; VINCENT S. DIMAGGIO, an individual; TRACY L. CRIBB S-LIVINGSTON, an individual; PATRICK L. LIVINGSTON SR. an individual, an individual; KURT SANDHOFF, an

individual; LINDA VAN CLEVE, an individual; EDWARD G. VAN CLEVE JR. , an individual; IRENA SOKOL, an individual; DMITRI SOKOL , an individual; JASON BARTLETT, an individual; WILLIAM OSBORNE , an individual; CRANFORD L. SCOTT, an individual; SHEILA SCOTT, an individual; COURTNEY SCOTT, an individual; DAVE MATSON, an individual; PAUL SIBORO, an individual; MICHELLE NUNIES, an individual; MICHAELENE MAJOR, an individual; MIKE SCHUTTE, an individual; KEVIN WALKER, an individual; JILL WALKER, an individual; CARY CRUZ, an individual; JOHN MACIAS, an individual; VIRGINIA ROTRAMEL, an individual; RONNIE VAN GREEN, an individual; SALVADOR HUIZAR, an individual; DAVID MEDLIN, an individual; EDITHA C. RESTAURO, an individual; DAVID FAULHABER, an individual; OSCAR GONZALES, an individual; MICHAEL AKIN, an individual; JOANNA SINGH, an individual; JACK LEFLER, an individual; ELIAS VIEYRA, an individual; STEVEN GUMIENNY, an individual; LAURIE MARINO, an individual; JOHNNY MARIE TORRES, an individual; JOSEPH GOMEZ, an individual; JAMES SALONDAKA, an individual; GUILLERMO SANCHEZ, an individual; SUSAN FRANCO, an individual; CURTIS DAVIDSON, an individual; ANTHONY GOLDEN, an individual; JOSEPH SANTOS, an individual; CHRISTOPHER BRANFUHR, an individual; CHARLEY SMITH, an individual; RHONDA RILEY, an individual; VALERY BUBELA, an individual; OBI AGAH, an individual; NOEL OLIVARES, an individual; JESSE JOHNSON, an individual; RAYMOND HILL, an individual; KIM WILLIAMS, an individual; PHILLIP GALERA, an individual; HELIODORO BECERRA, an individual; OTIS PERARD, an individual; BASHEER MURAD, an individual; BARRY BOZARTH, an individual; RICHARD J. FOMIN, an individual; SVETLANA TYSHKEVICH, an individual; GREGORY THOMAS, an individual; WAYNE ROBBINS, an individual; KEVIN THOMPSON, an individual; EDWARD LIZARDO, an

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

individual; LINDA LIZARDO, an individual; DONALD REY, an individual; ZANE T. WALKER, an individual; DENISE WILLIS, an individual; IVAN WILLIS, an individual; JERRY REED, an individual; NICOLE EDGECOMBE, an individual; KENNETH EDGECOMBE, an individual; RANJIT SINGH, an individual; RANJIT KAUR, an individual; ARNOLD BRIGMAN, an individual; DEBORAH BRIGMAN, an individual; DAVID REY, an individual; BARBARA KIKUGAWA, an individual; FATTEMAH FADAKER, an individual; ASHLEY JANE LARSEN, an individual; CHRISTIAN LARSEN, an individual; JOHN PHILLINGANE, an individual; JOSEPH BARTOLI, an individual; SHAWN SULLIVAN, an individual; ROBERTA ALVEREZ, an individual; CARLOS CERVANTES, an individual; TONY TURTURICI, an individual; BENJAMIN GAMEZ, an individual; ELISEO RAMOS, an individual; PETER THRIFT, an individual; ANA VILMA GUANDIQUE CISNEROS, an individual; JAMES SHIPMAN, an individual; LEZETTE FIELDER, an individual; DANA MCCLURE, an individual; ANGELA WILLIAMS, an individual; ERMA BREWER, an individual; MICHAEL OWEN, an individual; MELISSA OWEN, an individual; MARK WAYNE, an individual; MARION WAYNE, an individual; ANTONIO ARCINAS, an individual; STEVEN QUICK, an individual; REBECCA QUICK, an individual; RUSSELL HENDRICKS, an individual; LESLIE HENDRICKS, an individual; NANCY HELLER RILEY, an individual; SIMON SARKISIAN, an individual; CARLOS DEMELO, an individual; SALLY DEMELO, an individual; ARMANDO HINOJOSA, an individual; NICHOLAS ROB JONES, an individual; JASPAL KOCHAR, an individual; HARKRISHNAN SINGH KOCHAR, an individual; LAUDELYN GUTIERREZ, an individual; ROWAN GUTIERREZ, an individual; CYNTHIA IRELAND, an individual; MARIA PANTOJA, an individual; JOSE JAVIER PANTOJA, an individual; JULIET SICSIC, an individual; ASHMELLEY THERVIL, an individual; ELIZABETH MCCULLOUGH, an

individual; BAYANI SIMPLICIANO, an individual; LORI BATMAN, an individual; KEVIN BATMAN, an individual; HIROSHI NAKAYAMA, an individual; OSCAR NAVARRO, an individual; MARIA NAVARRO, an individual; RAYMOND LEFEBVRE, an individual; LISA LEFEBVRE, an individual; GEORGE BENNETT, an individual; AMANDA BENNETT, an individual; OMAR SACO, an individual; JEAN JOSEPH, an individual; MARIE JOSEPH, an individual; LEONARD T. HERNANDEZ, an individual; MODJULITA A. HERNANDEZ, an individual; WALTER WEISS, an individual; DIANE WEISS, an individual; WILLIAM RABELLO, an individual; ALVIN BLAKE, an individual; TAWANA BLAKE, an individual; BRETT HESKETT, an individual; RIZZA HESKETT, an individual; SHYAM SUNDER, an individual; VALLIUR NADU, an individual; MELANDO ANTHONY MARTINEZ, an individual; MIKE MARTINEZ, an individual; HEATHER MAHONEY, an individual; DEBBION BRANFUHR, an individual; SONIKA TINKER, an individual; DEBRA ANNEREIN, an individual; ADNAN TORLAK, an individual; LARRY SEESE, an individual; DEBRA REIN, an individual; ALFREDO HERRERA, an individual; LORENA HERRERA, an individual; MARIA JIMENEZ, an individual; DIONICO CORTEZ, an individual; DORA ALDRETE, an individual; YOLINA LUQUIAS, an individual; DON DECKER, an individual; TAMMY DECKER, an individual; ROSE CHANG, an individual; LANCE KENNISON, an individual; GLORY KENNISON, an individual; D'ANN FRIEND, an individual; MATTHEW FRIEND, an individual; COURTNEY NICKERSON, an individual; BRIAN NICKERSON; an individual; and others similarly situated named herein as ROES 11 through 1000, inclusive,

Plaintiffs,

v.

BANK OF AMERICA CORPORATION, a

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

Delaware corporation COUNTRYWIDE FINANCIAL CORPORATION, a Delaware corporation, dba BAC HOME LOANS SERVICING; COUNTRYWIDE HOME LOANS, INC., a New York corporation; RECON TRUST COMPANY, a California entity form unknown; CTC REAL ESTATE SERVICES, a California corporation; JAMES AGATE, an individual; and DOES 2 through 1000, inclusive,

Defendants.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

# TABLE OF CONTENTS

Page

I. BACKGROUND OF THE STATE COURT ACTION .......... 1

II. CAFA PROVIDES THE BASIS FOR REMOVING THE *RONALD* ACTION TO FEDERAL COURT .......... 2

A. The *Ronald* Action Is A "Mass Action" Within The Meaning of CAFA .......... 2

B. The *Ronald* Action Meets CAFA'S "Minimal Diversity" Requirement .......... 4

C. The *Ronald* Action Meets CAFA's Amount In Controversy Requirement .......... 5

III. NO EXCEPTIONS TO CAFA JURISDICTION APPLY .......... 7

A. The *Ronald* Action Is Not the Type Of Action That Falls Within An Exception To CAFA Jurisdiction .......... 7

B. The Discretionary Exception to CAFA Jurisdiction Does Not Apply .......... 7

C. The Mandatory Exception To CAFA Jurisdiction Does Not Apply .......... 7

1. The "Principal Injuries" In The *Ronald* Action Are Not Limited To California .......... 8

2. Other Class Actions Asserting The Same or Similar Factual Allegations As The *Ronald* Action Have Been Filed Within Three Years Of The Filing Of The *Ronald* Action .......... 9

3. All "Primary Defendants" Are Not Citizens Of California .......... 13

IV. REMOVAL IS TIMELY .......... 13

V. CAFA DOES NOT REQUIRE THE CONSENT OF ALL DEFENDANTS .......... 14

VI. REMOVAL TO THIS COURT IS PROPER .......... 14

VII. COMPLIANCE WITH 28 U.S.C. § 1446 .......... 14

VIII. RESERVATION OF RIGHTS .......... 14

IX. CONCLUSION .......... 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bullard v. Burlington N. Santa Fe Ry. Co.*, 535 F.3d 759 (7th Cir. 2007) ........ 13

*Cohn v. Petsmart, Inc.*, 281 F.3d 837 (9th Cir. 2002) ........ 5

*Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199 (E.D. Cal. 2008) ........ 5

*Serrano v. 180 Connect, Inc.*, 478 F.3d 1018 (9th Cir. 2007) ........ 7

*United Steel v. Shell Oil Co.*, 602 F.3d 1087 (9th Cir. 2010) ........ 2

*Valdez v. Allstate Ins. Co.*, 372 F.3d 1115 (9th Cir. 2004) ........ 5

**Statutes**

28 U.S.C. § 1332(c)(1) ........ 4

28 U.S.C. § 1332(d) ........ 1, 2

28 U.S.C. § 1332(d)(11) ........ 2, 13

28 U.S.C. § 1332(d)(11)(A) ........ 2

28 U.S.C. § 1332(d)(11)(B) ........ 2

28 U.S.C. § 1332(d)(11)(B)(ii)(I) ........ 3

28 U.S.C. § 1332(d)(11)(B)(ii)(I)-(IV) ........ 3

28 U.S.C. § 1332(d)(2) ........ 2, 5

28 U.S.C. § 1332(d)(2)(A) ........ 4

28 U.S.C. § 1332(d)(3) ........ 7

28 U.S.C. § 1332(d)(4)(B) ........ 8

28 U.S.C. § 1332(d)(5) ........ 7

28 U.S.C. § 1332(d)(9) ........ 7

28 U.S.C. § 1441 ........ 1

28 U.S.C. § 1441(a) ........ 14

28 U.S.C. § 1446 ........ 1

28 U.S.C. § 1446(a) ........ 14

28 U.S.C. § 1446(b) ........ 13

28 U.S.C. § 1446(d) ........ 14

28 U.S.C. § 1453 ........ 1, 2

28 U.S.C. § 1453(b) ........ 1, 13, 14

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

28 U.S.C. § 84(c)(2) .......... 14
28 U.S.C. 1332(d)(4)(A) .......... 8
Cal. Civ. Code § 2923.5 .......... 3, 4, 12
Cal. Civ. Code § 998 .......... 6

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant Bank of America Corporation ("Bank of America") removes the action styled *Ronald, et al. v. Bank of America Corporation, et al.* (Los Angeles County Super. Ct. Case No.: BC409444) (the "*Ronald* Action") from the Superior Court of the State of California for the County of Los Angeles to the Western Division of the United States District Court for the Central District of California pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"), and 28 U.S.C. §§ 1441, 1446 and 1453.

The consent of all Defendants is not required for removal under CAFA. *See* 28 U.S.C. § 1453(b). Nevertheless, Defendants Countrywide Financial Corporation ("CFC") (erroneously sued as d/b/a BAC Home Loans Servicing, LP ("BACHLS")), Countrywide Home Loans, Inc. ("CHL"), ReconTrust Company, N.A. ("ReconTrust") and CTC Real Estate Services ("CTC Services") consent to removal and join in this Notice of Removal. Bank of America, CFC, CHL, ReconTrust and CTC Services will collectively be referred to as "Defendants" in the Notice of Removal.

## I. BACKGROUND OF THE STATE COURT ACTION

1. On March 12, 2009, a Complaint was filed in the *Ronald* Action. There were 17 named Plaintiffs in the Complaint. A true and correct copy of the Complaint is attached to the concurrently filed Appendix of Exhibits in Support of Notice of Removal ("Appendix") as Exhibit A at 4110-4174.

2. On July 16, 2009, a First Amended Complaint ("FAC") was filed in the *Ronald* Action. There were 44 named Plaintiffs in the FAC. A true and correct copy of the FAC is attached to the Appendix as Exhibit A at 3845-3890.

3. On March 26, 2010, a Second Amended Complaint ("SAC") was filed in the *Ronald* Action. There were 41 named Plaintiffs in the SAC. A true and correct copy of the SAC is attached to the concurrently filed Appendix as Exhibit A

at 2935-2959.

4. On July 7, 2010, a Third Amended Complaint ("TAC") was filed in the *Ronald* Action. A true and correct copy of the TAC is attached to the concurrently filed Appendix as Exhibit A at 2-119.

5. There are 249 named Plaintiffs in the TAC.

6. On July 7, 2010, Plaintiffs' counsel e-mailed the TAC to Defendants' counsel.

## II. CAFA PROVIDES THE BASIS FOR REMOVING THE *RONALD* ACTION TO FEDERAL COURT

7. CAFA is codified at 28 U.S.C. §§ 1332(d) and 1453.

8. CAFA grants federal courts original jurisdiction over certain class actions and "mass actions." 28 U.S.C. § 1332(d)(2) & (11) ; *United Steel v. Shell Oil Co.*, 602 F.3d 1087, 1091 (9th Cir. 2010).

9. For purposes of jurisdiction and removal under CAFA, "mass actions" are treated like class actions. *See* 28 U.S.C. § 1332(d)(11)(A).

10. Accordingly, a civil action may be removed under CAFA as a "mass action" if: (1) it meets CAFA's statutory definition of "mass action"; (2) any plaintiff is a citizen of a state different from any defendant (*i.e.*, minimal diversity exists); and (3) the amount in controversy meets CAFA's jurisdictional threshold. *See* 28 U.S.C. § 1332(d)(2) & (d)(11)(A).

### A. The *Ronald* Action Is A "Mass Action" Within The Meaning of CAFA

11. CAFA defines a "mass action" as "any civil action . . . in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact . . . ." 28 U.S.C. § 1332(d)(11)(B).

12. A civil action does not qualify as a "mass action" under CAFA if: (1) all of the claims in the action arise from an event or occurrence in the state in which

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

the action was filed, and that allegedly resulted in injuries in that state or in states contiguous to that state; (2) the claims are joined upon motion of a defendant; (3) all of the claims in the action are asserted on behalf of the general public (and not on behalf of individual claimants or members of a purported class) pursuant to a state statute specifically authorizing such action; or (4) the claims have been consolidated or coordinated solely for pretrial proceedings. *See* 28 U.S.C. § 1332(d)(11)(B)(ii)(I)-(IV).

13. In the *Ronald* Action, 249 Plaintiffs collectively filed a single complaint, in which they propose to try their monetary relief claims jointly on the ground that their claims involve common questions of law and fact relating to Defendants' alleged: (1) fraudulent origination of loans based on inflated appraisals and lax underwriting standards, without regard to Plaintiffs' abilities to repay their loans, so that Defendants could maximize their profits from the sale of these loans on the secondary market, (Appendix Ex. A at 76-83, TAC ¶¶ 290-304); and (2) invasion of Plaintiffs' privacy arising out of the unauthorized disclosure of Plaintiffs' social security numbers, dates of birth, property values, bank and credit card account numbers and other personal information, (Appendix Ex. A at 106-107, TAC ¶¶ 392-394).

14. 28 of those 249 Plaintiffs also "demand a jury trial" based on common legal and factual questions arising out of Defendants' alleged breach of California Civil Code section 2923.5 ("Section 2923.5"). (Appendix Ex. A at 110, TAC ¶¶ 414-418.)

15. The claims in the *Ronald* Action do not arise out of a "*an* event or occurrence." *See* 28 U.S.C. § 1332(d)(11)(B)(ii)(I) (emphasis added). Rather, they arise out many different events or occurrences, including the Defendants' alleged: (1) fraudulent origination of 249 Plaintiffs' loans over the course of four years, (Appendix Ex. A at 2, 15-69, TAC ¶¶ 1, 27-266); (2) breach of the privacy of 249 Plaintiffs, (Appendix Ex. A at 2, 10-11, 106-109, TAC ¶¶ 1, 12, 390-413); and (3)

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

improper recordation of notices of default in violation of Section 2923.5 against 28 Plaintiffs' properties, (Appendix Ex. A at 110, TAC ¶¶ 414-418).

16. Plaintiffs' claims in the *Ronald* Action have not been joined upon motion of any of the Defendants.

17. All of the Plaintiffs' claims in the *Ronald* Action are not asserted on behalf of the general public pursuant to a state statute specifically authorizing such action.

18. Plaintiffs' claims have not been consolidated or coordinated solely for pretrial proceedings.

19. Accordingly, the *Ronald* Action is a "mass action" within the meaning of CAFA.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

### B. **The *Ronald* Action Meets CAFA'S "Minimal Diversity" Requirement**

20. CAFA's minimal diversity requirement is satisfied when "any member of the class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

21. A corporation is a citizen of its place of incorporation and its principal place of business. *See* 28 U.S.C. § 1332(c)(1).

22. Each of the 249 Plaintiffs alleges to be both a resident and citizen of California. (Appendix Ex. A at 15-69, 71, TAC ¶¶ 27-266, 275.)

23. As Plaintiffs correctly allege in the TAC, Bank of America is incorporated in Delaware and has its principal place of business in North Carolina.[1] (Appendix Ex. A at 70, TAC ¶ 271.) Therefore, Bank of America is a citizen of both Delaware and North Carolina.

24. Accordingly, the *Ronald* Action meets CAFA's minimal diversity requirement.

---

[1] Bank of America is not a national bank as Plaintiffs allege. (Appendix Ex. A at 70, TAC ¶ 271.)

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

### C. The *Ronald* Action Meets CAFA's Amount In Controversy Requirement

25. To remove an action to federal court under CAFA, the amount in controversy must exceed "the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2).

26. If the amount in controversy is not facially evident from the complaint, the removing party must show by a preponderance of the evidence that the amount in controversy meets CAFA's threshold. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

27. This is not a "daunting" burden and "a removing defendant is not obligated to research, state, and prove the plaintiff's claims for damages." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008). "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Id.* at 1205.

28. Courts can consider "facts presented in the removal petition as well as any summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Id.*

29. A "settlement letter is relevant evidence of the amount in controversy." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002).

30. Plaintiffs do not allege the amount in controversy in the TAC.

31. But Plaintiffs have consistently put into controversy amounts exceeding CAFA's $5,000,000 jurisdictional threshold.

32. In the FAC, when there were 44 Plaintiffs in the *Ronald* Action, Plaintiffs sought "damages of more than $20,000,000.00," exclusive of punitive damages, costs and interest. (Exhibit A at 3885, 3887, FAC, Prayer for Relief ¶¶ 1, 5, 6.)

33. On January 25, 2010, 53 Plaintiffs made a monetary settlement demand for $18,484,000, as well as reductions in their monthly mortgage payments ranging

from 33% to 44%. (Appendix Ex. B, Settlement Demand Letter from Christopher Tomaszewski to Nafiz Cekirge (Jan. 25, 2010)). A true and correct copy of the Settlement Demand Letter is attached to Appendix as Exhibit B. In the same Settlement Demand Letter, Plaintiffs sought $4,500,000 in attorneys' fees. (Appendix Ex. B, Settlement Demand Letter from Christopher Tomaszewski to Nafiz Cekirge (Jan. 25, 2010)).

34. Further, at least one Plaintiff has demanded monetary damages in excess of $75,000, excluding costs and interest. For instance: (1) Tracey Hampton-Stein demanded $12,000,000; (2) Mike Lee demanded $5,000,000; (3) Brian Wegesser demanded $100,000; (4) Steven A. Jedlowski III demanded $100,000; (5) Jerome Charles Seaton, Jr. demanded $750,000; and (6) David Beaubian demanded $100,000. (Appendix Ex. B, Settlement Demand Letter from Christopher Tomaszewski to Nafiz Cekirge (Jan. 25, 2010)).

35. Plaintiffs dubbed the January 25, 2010, settlement demand "extremely reasonable" and "made in good faith." (Appendix Ex. B, Settlement Demand Letter from Christopher Tomaszewski to Nafiz Cekirge (Jan. 25, 2010)). They asked that "in the event a counter offer is made we would request that it not deviate far from this offer. We have tried our best to scrape the lowest amounts and levels of settlement for each party." (Appendix Ex. B, Settlement Demand Letter from Christopher Tomaszewski to Nafiz Cekirge (Jan. 25, 2010)).

36. On June 7, 2010, 41 Plaintiffs made a settlement offer under California Code of Civil Procedure section 998 in the amount of $155,250,600 (the "998 Offer"). (Appendix Ex. C, 998 Offer.) A true an correct copy of the 998 Offer is attached to the Appendix as Exhibit C.

37. Based on Plaintiffs' allegations in the FAC and Plaintiffs' settlement demands, Defendants have shown that the *Ronald* Action meets CAFA's $5,000,000 amount in controversy requirement.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

## III. NO EXCEPTIONS TO CAFA JURISDICTION APPLY

38. Although Plaintiffs bear the burden of establishing exceptions to CAFA jurisdiction, as discussed below, no exceptions to CAFA jurisdiction are applicable in this case. *See Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021-22 & 1024 (9th Cir. 2007).

### A. The *Ronald* Action Is Not the Type Of Action That Falls Within An Exception To CAFA Jurisdiction

39. CAFA does not apply to certain class actions and "mass actions" brought against states, state officials or governmental entities. *See* 28 U.S.C. § 1332(d)(5).

40. CAFA also does not apply to certain class actions and "mass actions" relating to specific types of securities and internal corporate governance issues. *See* 28 U.S.C. § 1332(d)(9).

41. The *Ronald* Action does not fall into any of these exceptions to CAFA jurisdiction. (Appendix Ex A at 2-119, TAC)

### B. The Discretionary Exception to CAFA Jurisdiction Does Not Apply

42. Based on certain factors, a district court may decline jurisdiction under CAFA "over a class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(3).

43. The discretionary exception to CAFA jurisdiction is inapplicable to the *Ronald* Action because more than two-thirds (in fact, all) Plaintiffs are alleged to be California citizens. (Appendix Ex. A at 15-69, 71, TAC ¶¶ 27-266, 275.)

### C. The Mandatory Exception To CAFA Jurisdiction Does Not Apply

44. There is a mandatory exception to CAFA jurisdiction if: (1) more than two-thirds of the plaintiffs are citizens of the state in which the removed action was filed; (2) the principal injuries resulting from the alleged conduct are limited to the

state in which the removed action was filed; and (3) during the three-year period preceding the filing of the removed action, no other class action has been filed against any of the defendants on behalf of the same or other persons asserting the same or similar factual allegations as the removed action. *See* 28 U.S.C. 1332(d)(4)(A).

45. There is also a mandatory exception to CAFA jurisdiction if at least two-thirds of the plaintiffs are citizens of the state in which the removed action was filed and all primary defendants are citizens of the state in which the removed action was filed. *See* 28 U.S.C. 1332(d)(4)(B).

46. In the *Ronald* Action, more than two-thirds of the Plaintiffs are California citizens. (Appendix Ex. A at 15-69, 71, TAC ¶¶ 27-266, 275.)

47. Nevertheless, the mandatory exceptions to CAFA jurisdiction do not apply because: (1) the "principal injuries" alleged in the TAC are not limited to California; (2) other class actions asserting the same or similar factual allegations as those asserted in the *Ronald* Action were filed against certain of the Defendants in the three years prior to the *Ronald* Action being filed or becoming a "mass action"; and (3) Bank of America, a primary defendant, is not a California citizen.

**1. <u>The "Principal Injuries" In The *Ronald* Action Are Not Limited To California</u>**

48. The "principal injuries" alleged in the *Ronald* Action relate to Defendants' alleged: (1) fraudulent origination of loans based on inflated appraisals and lax underwriting standards, without regard the Plaintiffs' abilities to repay their loans, so that Defendants could maximize their profits from the sale of these loans on the secondary market, (Appendix Ex. A at 76-83, TAC ¶¶ 290-304); and (2) the invasion of Plaintiffs' privacy arising out of the unauthorized disclosure of Plaintiffs' social security numbers, dates of birth, property values, bank and credit card account numbers and other personal information, (Appendix Ex. A at 106-107, TAC ¶¶ 392-394).

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

49. Plaintiffs' alleged injuries relating to loan origination arise out of Defendants' purported *general* loan origination business practices. Given that Plaintiffs contend that Defendants are national lenders, it is only logical that borrowers throughout the United States would be injured by Defendants' alleged fraudulent loan origination practices. (Appendix Ex. A at 73, 93, TAC ¶¶ 281-282, 338.) This is obvious from the *nationwide* class actions consolidated in a Multidistrict Litigation styled *In Re Countrywide Financial Corporation Mortgage Marketing and Sales Practices Litigation*, 3:08-md-01988-DMS-WMC (S.D. Cal.) (the "Loan Origination MDL") that assert the same or similar factual allegations relating to loan origination as the *Ronald* Action. Indeed, Plaintiffs expressly allege that Defendants' mortgage origination fraud occurred on "out-of-state-wide, [*sic*] proportions." (Appendix Ex. A at 74, TAC ¶ 285.)

50. The alleged injuries relating to Plaintiffs' invasion of privacy claims arise out of a purported customer data security breach that allegedly affected at least 2.4 million people *nationwide*, not just in California. This is self-evident from the *nationwide* class actions consolidated in a Multidistrict Litigation styled *In Re: Countrywide Financial Corporation Customer Data Security Breach Litigation*, 3:08-MD-01998-TBR (W.D. Ky.) (the "Privacy MDL") that assert the same or similar factual allegations relating to invasion of privacy as the *Ronald* Action.

**2. <u>Other Class Actions Asserting The Same or Similar Factual Allegations As The *Ronald* Action Have Been Filed Within Three Years Of The Filing Of The *Ronald* Action</u>**

51. Numerous other class actions asserting the same or similar factual allegations as those asserted in the *Ronald* Action have been filed against certain of the Defendants in the three years prior to the filing of the in the *Ronald* Action or the *Ronald* Action becoming a "mass action" within the meaning of CAFA.

52. Within three years of the filing of the *Ronald* Action, at least four class were filed that asserted the same or similar fraudulent loan origination allegations

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

against Bank of America, CFC and CHL as the Ronald *Action* as follows: (1) *Hursh v. Countrywide Fin. Corp., et al.*, Case No. 3:08-cv-01313-DMS-LSP (S.D. Cal. ) (filed on Jul. 2, 2008); (2) *Levyas, et al. v. Countrywide Fin. Corp., et al.*, Case No. 8:08-cv-00787 (C.D. Cal.) (filed on Jul. 17, 2008); (3) *Buckley et al v. Countrywide Home Loans Inc. et al*, Case No. 2:08-cv-01200 (W.D. Wash.) (filed Aug. 11, 2008); and (4) *Jackson v. Countrywide Fin. Corp., et al.*, Case No. 3:08-cv-00457 (W.D. Ky.) (filed on Aug. 27, 2008).

53. The Judicial Panel on Multidistrict Litigation transferred all of these cases to the Loan Origination MDL.

54. Within three years of the filing of the *Ronald* Action, at least 36 class actions were filed that asserted the same or similar invasion of privacy allegations against Bank of America, CFC and CHL as the Ronald *Action* as follows: (1) *Moses, et al. v. Countrywide Fin. Corp., et al.,* Case No. CV08-05416 MMM (RCX) (C.D. Cal.) (filed Aug. 18, 2008); (2) *Goldman, et al. v. Countrywide Fin. Corp. et al.,* Case No. 08-61349 (S.D. Fla.) (filed Aug. 22, 2008); (3) *Elkhettab v. Countrywide Fin. Corp., et al.,* Case No. 08-05809 SVW (SSX) (C.D. Cal.) (filed Sept. 5, 2008); (4) *Weber* v. *Countrywide Fin. Corp. et al.,* Case No. 2:09-cv-01019-JFW -RC (C.D. Cal.) (filed Sept. 5, 2008); (5) *Martin* v. *Countrywide Fin. Corp., et al.,* Case No. 08-0666-CV-W-SOW (W.D. Mo.) (filed Sept. 12, 2008); (6) *Wickman v. Countrywide Fin. Corp., et al.,* Case No. 08-CV-01668-DMS-CAB (S.D. Cal.) (filed Sept. 12, 2008); (7) *Lemuz, et al. v. Countrywide Fin. Corp., et al.,* Case No. CV-06034 (C.D. Cal.) (filed Sept. 15, 2008); (8) *Munz v. Countrywide Fin. Corp., et al.,* Case No. 2:09-cv-707 (M.D. Fla.) (filed Sept. 15, 2008); (9) *Martin, et al.* v. *Countrywide Fin. Corp., et al.,* Case No. CV0806042 (C.D. Cal.) (filed Sept. 16, 2008); (10) *Leonard* v. *Countrywide Fin. Corp., et al.,* Case No. 08CV-01435-FRB (E.D. Mo.) (filed Sept. 19, 2008); (11) *Silverbach, et al.* v. *Countrywide Fin. Corp., et al.,* Case No. 2:09-cv-01045 (C.D. Cal.) (filed Sept. 19, 2008); (12) *Litvin* v. *Countrywide Fin. Corp., et. al.,* Case No. 1:2008cv04733

(D.N.J.) (filed Sept. 22, 2008); (13) *Hamilton, et al. v. Countrywide Fin. Corp., et al.*, Case No. 08-02450 (D. Kan.) (filed Sept. 23, 2008); (14) *Ippolito* v. *Countrywide Fin. Corp., et al.*, Case No. 08-02249 (N.D. Ohio) (filed Sept. 23, 2008); (15) *Kirksey v. Countrywide Fin Corp. el al.*, Case No. 08-cv-00545-KD-B (S.D. Ala.) (filed Sept. 23, 2008); (16) *Posada, et al. v. Countrywide Fin. Corp., et al.*, Case No. 08-CV-02246 (E.D. Cal.) (filed Sept. 23, 2008); (17) *Devries* v. *Countrywide Fin. Corp., et at.*, Case No. 08-06334 (C.D. Cal.) (filed Sept. 25, 2008); (18) *Brooks, et al. v. Countrywide Fin. Corp., et al.*, Case No. 1:08-cv-04817 (D.N.J.) (filed Sept. 26, 2008); (19) *Colon v. Countrywide Fin. Corp., et al.*, Case No. 6:08-cv-1687 (M.D. Fla.) (filed Oct. 1, 2008); (20) *Kowalski. Et al. v. Countrywide Fin. Corp., et al.*, Case No. 08-CY-5643 (N.D. Ill.) (filed Oct. 3, 2008); (21) *Arias, et al. v. Countrywide Fin. Corp., et al.*, Case No. 08-cv-1875 (S.D. Cal.) (filed Oct. 14, 2008); (22) *Hemphill, et al. v. Countrywide Fin. Corp., et al.*, Case No. 08-C-0863 (E.D. Wis.) (filed Oct. 14, 2008); (23) *Johnson. et al. v. Countrywide Fin. Corp., et al.*, Case No. 8:08-cv-01144 (C.D. Cal.) (filed Oct. 14, 2008); (24) *Blake v. Countrywide Fin. Corp., et al.*, Case No. 2:08-cv-14384 (E.D. Mich.) (filed Oct. 15, 2008); (25) *Davis* v. *Countrywide Fin. Corp., et al.*, Case No. 4:08-cv-03095 (S.D. Tex.) (filed Oct. 17, 2008); (26) *Modrzejewski, et al., v. Countrywide Fin. Corp., et al.*, Case No. 3:08-cv-50299 (N.D. Ill.) (filed Oct. 20, 2008); (27) *Wilkinson v. Countrywide Fin. Corp., et al.*, Case No. 2:09-cv-00356 (D. Me.) (filed Oct. 21, 2008); (28) *Reist, et al. v. Countrywide Fin. Corp., et al.*, 1:08-cv-00831 (S.D. Ohio) (filed Oct. 23, 2008); (29) *Wardrop v. Countrywide Fin. Corp., et al.*, Case No. 1:08-cv-06264 (N.D. Ill.) (filed Oct. 31, 2008); (30) *Blickensderfer, et at. v. Countrywide Fin. Corp., et at.*, Case No. 3:08-cv-05025 (N.D. Cal.) (filed Nov. 4, 2008); (31) *Hamilton, et at. v. Bank of America Corp., et al.*, Case No. 3:08-cv-00505 (W.D.N.C.) (filed Nov. 5, 2008); (32) *Lazard v. Countrywide Fin. Corp., et al.*, Case No. CV08-07463 (C.D. Cal.) (filed Nov. 12, 2008); (33) *Clarke v. Countrywide Home Loans, Inc., et at.*, Case No. 2:08-cv-

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

00774 (M.D. Fla.) (filed Dec. 6, 2008); (34) *Mooney, et al.* v. *Countrywide Fin. Corp., et al.,* Case No. 3:08cv-639-S (W.D. Ky.) (filed Dec. 8, 2008); (35) *Holmes, et al.* v. *Countrywide Fin. Corp., et al.,* Case No. 5:08CV-205-R (W.D. Ky.) (filed Dec. 17, 2008); (36) *Holmes, et al.* v. *Countrywide Fin. Corp., et al.,* Case No. 1:08-cv-5619 (D.N.J.) (filed Nov. 14, 2008).

55. The Judicial Panel on Multidistrict Litigation transferred all of these invasion of privacy class actions to the Privacy MDL.

56. On March 15, 2010, within three years of the filing of the TAC converting the *Ronald* Action into a "mass action" under CAFA, Plaintiffs' counsel, on behalf of certain Plaintiffs in the *Ronald* Action, filed an invasion of privacy class action styled *Jackson, et al. v. Bank of America Corporation, et al.*, Case No. 56-2010-00369604 (Ventura Co. Sup. Ct.) (the "*Jackson* Action"). The *Jackson* Action was removed to the Central District of California (Case No. 2:10-cv-02684) pursuant to CAFA and transferred to the Privacy MDL.

57. The *Jackson* Action asserts the same or similar invasion of privacy claims as the *Ronald* Action.

58. In fact, "[a]ll named Plaintiffs and Roe Plaintiffs 1 through 41 as well as Roe 201" have alleged in the *Ronald* Action that they have opted out of the Privacy MDL, so that they could pursue their invasion of privacy claims in the *Ronald* Action. (Appendix Ex. A at 70, TAC ¶ 270.)

59. On October 13, 2009, within three years of the filing of the TAC converting the *Ronald* Action into a "mass action" under CAFA, a class action styled *Mabry, et al. v. Aurora Loan Services, LLC, et al.* (Orange Co. Super. Ct. 30-2009-00309696) (the "*Mabry* Action") relating to alleged violations of Section 2923.5 was filed against Bank of America, N.A. and BACHLS.

60. The *Mabry* Action asserts the same or similar factual allegations relating to violations of Section 2923.5 as the *Ronald* Action.

61. BACHLS is named in the *Ronald* Action (albeit erroneously) as a d/b/a

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

of CFC.

### 3. <u>All "Primary Defendants" Are Not Citizens Of California</u>

62. Bank of America is a "primary defendant" because Plaintiffs contend that Bank of America is directly liable to them for all of the "wrongful acts" alleged in the TAC, both as a successor by merger to CFC and because Bank of America purportedly "continue[s] the unlawful practices of Countrywide, including writing fraudulent mortgages . . . and concealing wrongful acts." (Appendix Ex. A at 7, TAC ¶ 4; *see also* Appendix Ex. A at 75, 88, TAC ¶¶ 285, 322.)

63. Because Bank of America is a Delaware and North Carolina citizen, a "primary defendant," in the *Ronald* Action is not a California citizen.

## IV. <u>REMOVAL IS TIMELY</u>

64. Under CAFA, a notice of removal must be "filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of a pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b); *see also* 28 U.S.C. §§ 1332(d)(11) & 1453(b).

65. CAFA eliminates the one-year time limit on removal of class actions and mass actions. *See* 28 U.S.C. § 1453(b).

66. A civil action may become removable to federal court for the first time when the number of plaintiffs exceeds 100 and the action qualifies as a "mass actions" under CAFA. *See* Further, at least one named plaintiff must demand more than $75,000. *See Bullard v. Burlington N. Santa Fe Ry. Co.*, 535 F.3d 759, 761 (7th Cir. 2007).

67. The *Ronald* Action first became removable to federal court when the number of Plaintiffs exceeded 100 and it qualified as a "mass action" under CAFA.

68. The number of Plaintiffs exceeded 100 and the *Ronald* Action first qualified as a "mass action" under CAFA on July 7, 2010, when Plaintiffs filed their TAC and e-mailed it to Defendants' counsel.

69. This Notice of Removal is timely because it is filed within thirty days of July 7, 2010, the date on which Plaintiffs' counsel e-mailed the TAC to Defendants' counsel and Defendants first became aware that the *Ronald* Action was removable.

## V. CAFA DOES NOT REQUIRE THE CONSENT OF ALL DEFENDANTS

70. CAFA does not require that all defendants consent to removal. *See* 28 U.S.C. § 1453(b).

71. Therefore, this removal is proper without the consent of purported Defendant James Agate.

## VI. REMOVAL TO THIS COURT IS PROPER

72. The proper venue for removal is "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

73. The Superior Court of California for the County of Los Angeles is embraced by the Western Division of the United States District Court for the Central District of California. *See* 28 U.S.C. § 84(c)(2).

74. As such, removal of the *Ronald* Action to this Court is proper.

## VII. COMPLIANCE WITH 28 U.S.C. § 1446

75. In compliance with 28 U.S.C. §1446(a), the entire state court file, including "all process, pleadings, and orders served upon" Defendants is attached to the concurrently filed Appendix as Exhibit A. 28 U.S.C. §1446(a).

76. In compliance with 28 U.S.C. §1446(d), a copy of this Notice of Removal is being served on all parties of record, including all adverse parties, and will be filed with the Clerk of the Superior Court of California for the County of Los Angeles promptly after the filing of this Notice of Removal.

## VIII. RESERVATION OF RIGHTS

77. Defendants' removal does not constitute an admission that Plaintiffs

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

have stated any cognizable claims or have suffered any injury as a result of Defendants' conduct.

## IX. CONCLUSION

78. For the foregoing reasons, Defendants have removed the *Ronald* Action from the state court in which it was filed to the United States District Court for the Central District of California, Western Division and request that this Honorable Court issue all necessary orders and process and grant such other and further relief as in law and justice that Defendants may be entitled to receive.

Dated: August 2, 2010

Respectfully Submitted,

**BRYAN CAVE LLP**

By: ______________________
Nafiz Cekirge

Attorneys for Defendants
BANK OF AMERICA CORPORATION, COUNTRYWIDE FINANCIAL CORPORATION (erroneously sued as d/b/a/ BAC HOME LOANS SERVICING, LP), COUNTRYWIDE HOME LOANS, INC., RECONTRUST COMPANY and CTC REAL ESTATE SERVICES

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Manuel Real and the assigned discovery Magistrate Judge is Carla Woehrle.

The case number on all documents filed with the Court should read as follows:

**CV10- 5740 R (CWx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

Unless otherwise ordered, the United States District Judge assigned to this case will hear and determine all discovery related motions.

=======================================:

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
**312 N. Spring St., Rm. G-8**
**Los Angeles, CA 90012**

[ ] **Southern Division**
**411 West Fourth St., Rm. 1-053**
**Santa Ana, CA 92701-4516**

[ ] **Eastern Division**
**3470 Twelfth St., Rm. 134**
**Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

COPY

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
See Exhibit A

**DEFENDANTS**
Bank of America Corporation; Countrywide Financial Corporation (erroneously sued as d/b/a BAC Home Loans Servicing, LP); ReconTrust Company, N.A.; CTC Real Estate Services; James Agate

(b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Please see Exhibit B

Attorneys (If Known)
See Exhibit C

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding ☑ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No ☐ **MONEY DEMANDED IN COMPLAINT: $**____________________

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Fraud; Invasion of Privacy; Cal. Civ. Code sections 2923.5, 4050 et seq., 1798.82; Cal. B & P Code sections 17200 et seq.

**VII. NATURE OF SUIT (Place an X in one box only.)**

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Act<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Info. Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise<br>**REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☑ 290 All Other Real Property | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Fed. Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury-Med Malpractice<br>☐ 365 Personal Injury-Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 463 Habeas Corpus-Alien Detainee<br>☐ 465 Other Immigration Actions | ☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability<br>**BANKRUPTCY**<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**CIVIL RIGHTS**<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 445 American with Disabilities - Employment<br>☐ 446 American with Disabilities - Other<br>☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence Habeas Corpus<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus/ Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>**FORFEITURE/ PENALTY**<br>☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety /Health<br>☐ 690 Other | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:** Case Number: CV10 5740

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): ____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): ____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles, Ventura and other unknown counties in this district | Sacramento, Placer, Santa Clara, Yuba, Conta Costa, Alameda, Santa Barbara and other unknown counties in this district |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | |

*** Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): [signature] **Date** 8/2/10

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# EXHIBIT A

## Plaintiffs

1. Paul Ronald
2. Lisa Ronald
3. Priscilla Bowin
4. Mark Bowin
5. Brian Wegesser
6. Melvin Pape
7. Geraldine Pape
8. Tracey Hampton
9. Renee McClain
10. Johannes Wertti
11. Kim Bunyan
12. Heather Broussard
13. Mike Lee
14. Rene Minnaar
15. Brown Tuiasosopo
16. Laura Tuiasosopo
17. Jon M. Shidler
18. Amy R. Shidler
19. Jon Michael Shidler, Sr.
20. Marilyn Kay Shidler
21. Keith Furman

22. Dolores Harrison
23. Peter Graf
24. India Graf
25. Mark Garcia
26. Guadalupe Garcia
27. Alejo Gutierrez
28. Maria Gutierrez
29. Maria Pazaran
30. Allen Hunter
31. Dennis Hardin
32. Donna Hardin
33. Evelyn Day
34. Andrew Sablan
35. Mary MacDonald
36. Steven A. Jedlowski III
37. Joseph Antonucci
38. Jerome Charles Seaton, Jr.
39. Jennifer Nitrio
40. Khalid Saleem
41. Carlos Roman
42. Tracie Glashan
43. Summer Sandhoff
44. Alice H. Ware

45. Terry W. Ware
46. Dustin Hanna
47. Frank Hernandez
48. David Beaubien
49. Gregory T. Hitter
50. Joel Marshall
51. Gina Rodriguez
52. Leonard Wong
53. Jason McCormick
54. Caprice Day-Borgeson
55. Daniel Borgeson
56. Timothy J. Klemens
57. Monica L. Klemens
58. Brent Welburn
59. Lynn Kimberly
60. Donna Rosby
61. Jacquie Marie Hanna
62. Terri O'Connor
63. George J. O'Connor
64. Steven W. Miller
65. ~~Peter Kreuzer~~
66. Eunjae Jeong
67. Roger Fenstermacher

68. Dennis Kemp
69. Joseph Cina
70. Evelyn Irving
71. Danilo Luquias
72. Bruno Martinez
73. Bertha Crevolin
74. Ronnie Crevolin
75. Paul Jackson
76. Hilary Jackson
77. Jon Oxidine
78. John Kealey
79. Lourdes Fontz
80. Wayne Fontz
81. Brenda DiMaggio
82. Vincent S. DiMaggio
83. Tracy L. Cribbs-Livingston
84. Patrick L. Livingston Sr.
85. Kurt Sandhoff
86. Linda Van Cleve
87. Edward G. Van Cleve Jr.
88. Irena Sokol
89. Dmitri Sokol
90. Jason Bartlett

91. William Osborne

92. Cranford L. Scott

93. Sheila Scott

94. Courtney Scott

95. Dave Matson

96. Paul Siboro

97. Michelle Nunies

98. Michaelene Major

99. Mike Schutte

100. Kevin Walker

101. Jill Walker

102. Cary Cruz

103. John Macias

104. Virginia Rotramel

105. Ronnie Van Green

106. Salvador Huizar

107. David Medlin

108. Editha C. Restauro

109. David Faulhaber

110. Oscar Gonzales

111. Michael Akin

112. Joanna Singh

113. Jack Lefler

114. Elias Vieyra
115. Steven Gumienny
116. Laurie Marino
117. Johnny Marie Torres
118. Joseph Gomez
119. James Salondaka
120. Guillermo Sanchez
121. Susan Franco
122. Curtis Davidson
123. Anthony Golden
124. Joseph Santos
125. Christopher Branfuhr
126. Charley Smith
127. Rhonda Riley
128. Valery Bubela
129. Obi Agah
130. Noel Olivares
131. Jesse Johnson
132. Raymond Hill
133. Kim Williams
134. Phillip Galera
135. Heliodoro Becerra
136. Otis Perard

137. Basheer Murad

138. Barry Bozarth

139. Richard J. Fomin

140. Svetlana Tyshkevich

141. Gregory Thomas

142. Wayne Robbins

143. Kevin Thompson

144. Edward Lizardo

145. Linda Lizardo

146. Donald Rey

147. Zane T. Walker

148. Denise Willis

149. Ivan Willis

150. Jerry Reed

151. Nicole Edgecombe

152. Kenneth Edgecombe

153. Ranjit Singh

154. Ranjit Kaur

155. Arnold Brigman

156. Deborah Brigman

157. David Rey

158. Barbara Kikugawa

159. Fattemah Fadaker

160. Ashley Jane Larsen
161. Christian Larsen
162. John Phillingane
163. Joseph Bartoli
164. Shawn Sullivan
165. Roberta Alverez
166. Carlos Cervantes
167. Tony Turturici
168. Benjamin Gamez
169. Eliseo Ramos
170. Peter Thrift
171. Ana Vilma Guandique Cisneros
172. James Shipman
173. Lezette Fielder
174. Dana McClure
175. Angela Williams
176. Erma Brewer
177. Michael Owen
178. Melissa Owen
179. Mark Wayne
180. Marion Wayne
181. Antonio Arcinas
182. Steven Quick

183. Rebecca Quick

184. Russell Hendricks

185. Leslie Hendricks

186. Nancy Heller Riley

187. Simon Sarkisian

188. Carlos Demelo

189. Sally Demelo

190. Armando Hinojosa

191. Nicholas Rob Jones

192. Jaspal Kochar

193. Harkrishnan Singh Kochar

194. Laudelyn Gutierrez

195. Rowan Gutierrez

196. Cynthia Ireland

197. Maria Pantoja

198. Jose Javier Pantoja

199. Juliet Sicsic

200. Ashmelley Thervil

201. Elizabeth McCullough

202. Bayani Simpliciano

203. Lori Batman

204. Kevin Batman

205. Hiroshi Nakayama

206. Oscar Navarro
207. Maria Navarro
208. Raymond Lefebvre
209. Lisa Lefebvre
210. George Bennett
211. Amanda Bennett
212. Omar Saco
213. Jean Joseph
214. Marie Joseph
215. Leonard T. Hernandez
216. Modjulita A. Hernandez
217. Walter Weiss
218. Diane Weiss
219. William Rabello
220. Alvin Blake
221. Tawana Blake
222. Brett Heskett
223. Rizza Heskett
224. Shyam Sunder
225. Valliur Nadu
226. Melando Anthony Martinez
227. Mike Martinez
228. Heather Mahoney

229. Debbion Branfuhr

230. Sonika Tinker

231. Debra Annerein

232. Adnan Torlak

233. Larry Seese

234. Debra Rein

235. Alfredo Herrera

236. Lorena Herrera

237. Maria Jimenez

238. Dionico Cortez

239. Dora Aldrete

240. Yolina Luquias

241. Don Decker

242. Tammy Decker

243. Rose Chang

244. Lance Kennison

245. Glory Kennison

246. D'Ann Friend

247. Matthew Friend

248. Courtney Nickerson

249. Brian Nickerson

**EXHIBIT B**

**Attorneys for All Plaintiffs**

Mitchell J. Stein, Esq. (SBN 97996)
**MITCHELL J. STEIN & ASSOCIATES**
2950 Buskirk Avenue, Ste. 300
Walnut Creek, CA 94597
Tel: (818) 721-2163
Fax: (888) 522-6842
Email: oceibod60@yahoo.com; sixtypirates@yahoo.com

Christopher Tomaszewski, Esq. (SBN 121750)
Bridget Jones, Esq. (SBN 256086)
**APEX LEGAL GROUP, P.C.**
1801 Tribute Road
Sacramento, CA 95815
Tel: (916) 719-1882
Fax: (916) 644-6227
Email: chris@apexlegal.org
Email: bridget@apexlegal.org

Kenin M. Spivak, Esq. (SBN 255061)
**LAW OFFICES OF KENIN M. SPIVAK**
2029 Century Park East, Suite 2500
Los Angeles, CA 90067
Tel: (310) 691-5811
Fax: (310) 691-5809
Email: kspivak@SMImanagement.com

Erikson M. Davis, Esq. (SBN 197841)
**LAW OFFICES OF ERIKSON M. DAVIS**
11574 Iowa Avenue, Suite 104
Los Angeles, CA 90025
Tel: (310) 231-7808
Fax: (310) 691-5809
Email: erikdavis@att.ne

**<u>Exhibit C</u>**

**Attorneys of Defendants**

Keith D. Klein (State Bar. No.184846)
Nafiz Cekirge (State Bar No. 255710)
Kamao C. Shaw (State Bar No. 253350)
**BRYAN CAVE LLP**
120 Broadway, Suite 300
Santa Monica, CA 90401-2386
Telephone: (310) 576-2100
E-Mail: keith.klein@bryancave.com
E-Mail: nafiz.cekirge@bryancave.com
E-Mail: kamao.shaw@bryancave.com

Attorneys for Defendants
BANK OF AMERICA CORPORATION; COUNTRYWIDE FINANCIAL CORPORATION (erroneously sued as d/b/a/ BAC Home Loans Servicing, LP); COUNTRYWIDE HOME LOANS, INC.; RECONTRUST COMPANY, N.A.; and CTC REAL ESTATE SERVICES

Philip A. Kramer, Esq. (SBN 113969)
**KRAMER & KASLOW**
23901 Calabasas Road, Suite 2013
Calabasas, CA 91302
Tel: (818) 224-3900
E-mail: PhilipKramer@Kramer-Kaslow.com

Attorneys for Defendant
JAMES AGATE