COPY

**BRYAN CAVE LLP**
Keith D. Klein (State Bar. No.184846)
Nafiz Cekirge (State Bar No. 255710)
Kamao C. Shaw (State Bar No. 253350)
120 Broadway, Suite 300
Santa Monica, California  90401-2386
Telephone:   (310) 576-2100
Facsimile:   (310) 576-2200
E-Mail:      keith.klein@bryancave.com
             nafiz.cekirge@bryancave.com
             kamao.shaw@bryancave.com

Attorneys for Defendants
BANK OF AMERICA, COUNTRYWIDE FINANCIAL CORPORATION
(erroneously sued as BAC HOME LOANS SERVICING, LP), COUNTRYWIDE
HOME LOANS, INC., RECONTRUST COMPANY and CTC REAL ESTATE
SERVICES



FILED
CLERK, U.S. DISTRICT COURT

AUG - 2 2010
3:47

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

PAUL RONALD, an individual; LISA
RONALD, an individual; HEATHER
BROUSSARD, an individual; MIKE LEE,
an individual; TRACEY HAMPTON, an
individual; PRISCILLA BOWIN, an
individual; MARK BOWIN, an individual;
BRIAN WEGESSER, an individual;
MELVIN PAPE, and individual;
GERALDINE PAPE, an individual;
RENEE MCCLAIN, an individual;
JOHANNES WERTTI, an individual; KIM
BUNYAN, an individual; JON M.
SHIDLER, an individual; AMY R.
SHIDLER, an individual; JON MICHAEL
SHIDLER, SR., an individual; MARILYN
KAY SHIDLER, an individual; KEITH
FURMAN, an individual; RENE
MINNAAR, an individual; DOLORES
HARRISON, an individual; PETER GRAF,
an individual INDIA GRAF, an individual;
MARK GARCIA, an individual;
GUADALUPE GARCIA, an individual;
ALEJO GUTIERREZ, an individual;
MARIA GUTIERREZ, an individual;
MARIA PAZARAN, an individual;
BROWN TUIASOSOPO, an individual;
LAURA TUIASOSOPO, an individual;
ALLEN HUNTER, an individual; DENNIS

Case No. CV10 5740-R (CWx)

[Los Angeles County Superior
Court Case No. BC409444]

**APPENDIX OF EXHIBITS IN
SUPPORT OF NOTICE OF
REMOVAL**

**VOLUME 1 OF 10**

**(Exhibit A, Pages 2 - 442**

**[Filed concurrently with Notice
of Removal; Corporate
Disclosure Statement; Statement
of Interested Parties]**

[Los Angeles County Superior
Court Case No. BC409444]

Action Filed:    March 12, 2009
Trial Date:      None Set

HARDIN, an individual; DONNA HARDIN, an individual; EVELYN DAY, an individual; ANDRES SABLAN, an individual; MIKE LEE, an individual; MARY MACDONALD, an individual; STEVEN A. JEDLOWSKI III, an individual; CARLOS ROMAN, an individual; JEROME CHARLES SEATON, JR., an individual; JOSEPH ANTONUCCI, an individual; JENNIFER NITRIO, an individual; KHALID SALEEM; , an individual; TRACIE GLASHAN, an individual; SUMMER SANDHOFF, an individual; ALICE H. WARE, an individual; TERRY W. WARE, an individual; DUSTIN HANNA, an individual; FRANK HERNANDEZ, an individual; DAVID BEAUBIEN, an individual; GREGORY T. HITTER, an individual; JOEL MARSHALL, an individual; GINA RODRIGUEZ, an individual; LEONARD WONG, an individual; JASON MCCORMICK, an individual; CAPRICE DAY-BORGESON, an individual; DANIEL BORGESON, an individual; TIMOTHY J. KLEMENS, an individual; MONICA L. KLEMENS, an individual; BRENT WELBURN, an individual; LYNN KIMBERLY, an individual; DONNA ROSBY, an individual; JACQUIE MARIE HANNA, an individual; TERRI O'CONNOR, an individual; GEORGE J. O'CONNOR, an individual; STEVEN W. MILLER, an individual; PETER KREUZER, an individual; EUNJAE JEONG, an individual; ROGER FENSTERMACHER, an individual; DENNIS KEMP, an individual; JOSEPH CINA, an individual; EVELYN IRVING, an individual; DANILO LUQUIAS, an individual; BRUNO MARTINEZ, an individual; BERTHA CREVOLIN, an individual; RONNIE CREVOLIN, an individual; PAUL JACKSON, an individual; HILARY JACKSON; an individual; JON OXIDINE, an individual; JOHN KEALEY, an individual; LOURDES FONTZ, an individual; WAYNE FONTZ, an individual; BRENDA DIMAGGIO, an individual; VINCENT S. DIMAGGIO, an individual; TRACY L. CRIBB S-LIVINGSTON, an individual; PATRICK L. LIVINGSTON SR. an individual, an individual; KURT SANDHOFF, an

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

SM01DOCS\795839.1

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

individual; LINDA VAN CLEVE, an individual; EDWARD G. VAN CLEVE JR., an individual; IRENA SOKOL, an individual; DMITRI SOKOL, an individual; JASON BARTLETT, an individual; WILLIAM OSBORNE, an individual; CRANFORD L. SCOTT, an individual; SHEILA SCOTT, an individual; COURTNEY SCOTT, an individual; DAVE MATSON, an individual; PAUL SIBORO, an individual; MICHELLE NUNIES, an individual; MICHAELENE MAJOR, an individual; MIKE SCHUTTE, an individual; KEVIN WALKER, an individual; JILL WALKER, an individual; CARY CRUZ, an individual; JOHN MACIAS, an individual; VIRGINIA ROTRAMEL, an individual; RONNIE VAN GREEN, an individual; SALVADOR HUIZAR, an individual; DAVID MEDLIN, an individual; EDITHA C. RESTAURO, an individual; DAVID FAULHABER, an individual; OSCAR GONZALES, an individual; MICHAEL AKIN, an individual; JOANNA SINGH, an individual; JACK LEFLER, an individual; ELIAS VIEYRA, an individual; STEVEN GUMIENNY, an individual; LAURIE MARINO, an individual; JOHNNY MARIE TORRES, an individual; JOSEPH GOMEZ, an individual; JAMES SALONDAKA, an individual; GUILLERMO SANCHEZ, an individual; SUSAN FRANCO, an individual; CURTIS DAVIDSON, an individual; ANTHONY GOLDEN, an individual; JOSEPH SANTOS, an individual; CHRISTOPHER BRANFUHR, an individual; CHARLEY SMITH, an individual; RHONDA RILEY, an individual; VALERY BUBELA, an individual; OBI AGAH, an individual; NOEL OLIVARES, an individual; JESSE JOHNSON, an individual; RAYMOND HILL, an individual; KIM WILLIAMS, an individual; PHILLIP GALERA, an individual; HELIODORO BECERRA, an individual; OTIS PERARD, an individual; BASHEER MURAD, an individual; BARRY BOZARTH, an individual; RICHARD J. FOMIN, an individual; SVETLANA TYSHKEVICH, an individual; GREGORY THOMAS, an individual; WAYNE ROBBINS, an individual; KEVIN THOMPSON, an individual; EDWARD LIZARDO, an

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

individual; LINDA LIZARDO, an individual; DONALD REY, an individual; ZANE T. WALKER, an individual; DENISE WILLIS, an individual; IVAN WILLIS, an individual; JERRY REED, an individual; NICOLE EDGECOMBE, an individual; KENNETH EDGECOMBE, an individual; RANJIT SINGH, an individual; RANJIT KAUR, an individual; ARNOLD BRIGMAN, an individual; DEBORAH BRIGMAN, an individual; DAVID REY, an individual; BARBARA KIKUGAWA, an individual; FATTEMAH FADAKER, an individual; ASHLEY JANE LARSEN, an individual; CHRISTIAN LARSEN, an individual; JOHN PHILLINGANE, an individual; JOSEPH BARTOLI, an individual; SHAWN SULLIVAN, an individual; ROBERTA ALVEREZ, an individual; CARLOS CERVANTES, an individual; TONY TURTURICI, an individual; BENJAMIN GAMEZ, an individual; ELISEO RAMOS, an individual; PETER THRIFT, an individual; ANA VILMA GUANDIQUE CISNEROS, an individual; JAMES SHIPMAN, an individual; LEZETTE FIELDER, an individual; DANA MCCLURE, an individual; ANGELA WILLIAMS, an individual; ERMA BREWER, an individual; MICHAEL OWEN, an individual; MELISSA OWEN, an individual; MARK WAYNE, an individual; MARION WAYNE, an individual; ANTONIO ARCINAS, an individual; STEVEN QUICK, an individual; REBECCA QUICK, an individual; RUSSELL HENDRICKS, an individual; LESLIE HENDRICKS, an individual; NANCY HELLER RILEY, an individual; SIMON SARKISIAN, an individual; CARLOS DEMELO, an individual; SALLY DEMELO, an individual; ARMANDO HINOJOSA, an individual; NICHOLAS ROB JONES, an individual; JASPAL KOCHAR, an individual; HARKRISHNAN SINGH KOCHAR, an individual; LAUDELYN GUTIERREZ, an individual; ROWAN GUTIERREZ, an individual; CYNTHIA IRELAND, an individual; MARIA PANTOJA, an individual; JOSE JAVIER PANTOJA, an individual; JULIET SICSIC, an individual; ASHMELLEY THERVIL, an individual; ELIZABETH MCCULLOUGH, an

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

individual; BAYANI SIMPLICIANO, an individual; LORI BATMAN, an individual; KEVIN BATMAN, an individual; HIROSHI NAKAYAMA, an individual; OSCAR NAVARRO, an individual; MARIA NAVARRO, an individual; RAYMOND LEFEBVRE, an individual; LISA LEFEBVRE, an individual; GEORGE BENNETT, an individual; AMANDA BENNETT, an individual; OMAR SACO, an individual; JEAN JOSEPH, an individual; MARIE JOSEPH, an individual; LEONARD T. HERNANDEZ, an individual; MODJULITA A. HERNANDEZ, an individual; WALTER WEISS, an individual; DIANE WEISS, an individual; WILLIAM RABELLO, an individual; ALVIN BLAKE, an individual; TAWANA BLAKE, an individual; BRETT HESKETT, an individual; RIZZA HESKETT, an individual; SHYAM SUNDER, an individual; VALLIUR NADU, an individual; MELANDO ANTHONY MARTINEZ, an individual; MIKE MARTINEZ, an individual; HEATHER MAHONEY, an individual; DEBBION BRANFUHR, an individual; SONIKA TINKER, an individual; DEBRA ANNEREIN, an individual; ADNAN TORLAK, an individual; LARRY SEESE, an individual; DEBRA REIN, an individual; ALFREDO HERRERA, an individual; LORENA HERRERA, an individual; MARIA JIMENEZ, an individual; DIONICO CORTEZ, an individual; DORA ALDRETE, an individual; YOLINA LUQUIAS, an individual; DON DECKER, an individual; TAMMY DECKER, an individual; ROSE CHANG, an individual; LANCE KENNISON, an individual; GLORY KENNISON, an individual; D'ANN FRIEND, an individual; MATTHEW FRIEND, an individual; COURTNEY NICKERSON, an individual; BRIAN NICKERSON; an individual; and others similarly situated named herein as ROES 1 through 1000, inclusive,

Plaintiffs,

v.

BANK OF AMERICA CORPORATION, a

SM01DOCS\795839.1

Delaware corporation; COUNTRYWIDE FINANCIAL CORPORATION, a Delaware corporation, dba BAC HOME LOANS SERVICING; COUNTRYWIDE HOME LOANS, INC., a New York corporation; RECON TRUST COMPANY, a California entity form unknown; CTC REAL ESTATE SERVICES, a California corporation; JAMES AGATE, an individual; and DOES 2 through 1000, inclusive,

Defendants.

SM01DOCS\795839.1

APPENDIX OF EXHIBITS – VOL. 1 OF 10

Defendants Bank of America Corporation, Countrywide Financial Corporation (erroneously sued as d/b/a BAC Home Loans, Servicing, LP), Countrywide Home Loans, Inc., ReconTrust Company, N.A. and CTC Real Estate Servicing hereby submit this Appendix of Exhibits in Support of their concurrently filed Notice of Removal:

| Exhibit | Document | Page No. |
|---------|----------|----------|
| A | *Ronald, et al. v. Bank of America Corporation, et al.* (Los Angeles County Super. Ct. Case No.: BC409444) | 2 |
| B | Settlement Demand Letter from Christopher Tomaszewski to Nafiz Cekirge (Jan. 25, 2010) | 4183 |
| C | Plaintiffs' Settlement Offer Pursuant To California Code of Civil Procedure section 998 | 4186 |

Dated:  August 2, 2010

Respectfully Submitted,

**BRYAN CAVE LLP**

By: Nafiz Cekirge

Attorneys for Defendants
BANK OF AMERICA
CORPORATION, COUNTRYWIDE
FINANCIAL CORPORATION
(erroneously sued as d/b/a/ BAC HOME
LOANS SERVICING, LP),
COUNTRYWIDE HOME LOANS,
INC., RECONTRUST COMPANY and
CTC REAL ESTATE SERVICES

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

SM01DOCS\795839.1

1

307

Kenin M. Spivak (SBN 97996)
LAW OFFICES OF KENIN M. SPIVAK
2029 Century Park East, Suite 2500
Los Angeles, California 90067 U.S.A.
Phone:  310-691-5811
Fax:  310-691-5809
E-mail:  kspivak@SMImanagement.com

Mitchell J. Stein (SBN 121750)
MITCHELL J. STEIN & ASSOCIATES
2950 Buskirk Avenue, Third Floor
Walnut Creek, California 94597
Tel:  (914) 843-7957
Fax:  (914) 652-2431
E-mail:  mitchell@dobieco.com

Christopher Tomaszewski (SBN 255061)
Bridget Jones (SBN 256086)
APEX LEGAL GROUP PC
1801 Tribute Road
Sacramento, California 95815
Tel:  (916) 270-2022
Fax:  (916) 644-6227
E-mail:  chris@apexlegal.org

Erikson M. Davis (SBN 197841)
LAW OFFICES OF ERIKSON M. DAVIS
11574 Iowa Avenue, Suite 104
Los Angeles, California 90025
Phone: 310-231-7808
Fax:  310-691-5809
E-mail: erikdavis@att.net

Attorneys for Plaintiffs

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

JUL 0 7 2010

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
L. Delos Santos

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### COUNTY OF LOS ANGELES

| | |
|---|---|
| PAUL RONALD, an individual; LISA RONALD, an individual; HEATHER BROUSSARD, an individual; MIKE LEE, an individual; TRACEY HAMPTON, an individual; PRISCILLA BOWIN, an individual; MARK BOWIN, an individual; BRIAN WEGESSER, an individual; MELVIN PAPE, an individual; GERALDINE PAPE, an individual; RENEE MCCLAIN, an individual; JOHANNES WERTTI, an individual; KIM BUNYAN, an individual; JON M. SHIDLER, an individual; AMY R. SHIDLER, an | Case No.  BC409444 <br><br> [Assigned to: Judge William Highberger <br><br> **THIRD AMENDED COMPLAINT:** <br><br> **1.   FRAUDULEN CONCEALMENT  OLATION OF CAL. CIV. CO  §§ 1572, 1709 AND 1710];** |

1

**THIRD AMENDED COMPLAINT**

**EXHIBIT A,   PAGE 2**

individual; JON MICHAEL SHIDLER, SR., an individual; MARILYN KAY SHIDLER, an individual; KEITH FURMAN, an individual; RENE MINNAAR, an individual; DOLORES HARRISON, an individual; PETER GRAF, an individual; INDIA GRAF, an individual; MARK GARCIA, an individual; GUADALUPE GARCIA, an individual; ALEJO GUTIERREZ, an individual; MARIA GUTIERREZ, an individual; MARIA PAZARAN, an individual; BROWN TUIASOSOPO, an individual; LAURA TUIASOSOPO, an individual; ALLEN HUNTER, an individual; DENNIS HARDIN, an individual; DONNA HARDIN, an individual; EVELYN DAY, an individual; ANDRES SABLAN, an individual; MARY MACDONALD, an individual; STEVEN A. JEDLOWSKI III, an individual; CARLOS ROMAN, an individual; JEROME CHARLES SEATON, JR., an individual; JOSEPH ANTONUCCI, an individual; JENNIFER NITRIO, an individual; KHALID SALEEM, an individual; TRACIE GLASHAN, an individual; SUMMER SANDHOFF, an individual; ALICE H. WARE, an individual; TERRY W. WARE, an individual; DUSTIN HANNA, an individual; FRANK HERNANDEZ, an individual; DAVID BEAUBIEN, an individual; GREGORY T. HITTER, an individual; JOEL MARSHALL, an individual; GINA RODRIGUEZ, an individual; LEONARD WONG, an individual; JASON MCCORMICK, an individual; CAPRICE DAY-BORGESON, an individual; DANIEL BORGESON, an individual; TIMOTHY J. KLEMENS, an individual; MONICA L. KLEMENS, an individual; BRENT WELBURN, an individual; LYNN KIMBERLY, an individual; DONNA ROSBY, an individual; JACQUIE MARIE HANNA, an individual; TERRI O'CONNOR, an individual; GEORGE J. O'CONNOR, an individual; STEVEN W. MILLER, an individual; PETER KREUZER, an individual; EUNJAE JEONG, an individual; ROGER FENSTERMACHER, an individual; DENNIS KEMP, an individual; JOSEPH CINA, an individual; EVELYN IRVING, an individual; DANILO LUQUIAS, an individual; BRUNO

2.    **INTENTIONAL MISREPRESENTATION [VIOLATION OF CAL. CIV. CODE §§ 1572, 1709 AND 1710];**

3.    **NEGLIGENT MISREPRESENTATION [VIOLATION OF CAL. CIV. CODE §§ 1572, 1709 AND 1710];**

4.    **INVASION OF CONSTITUTIONAL RIGHT TO PRIVACY [VIOLATION OF CAL. CONST., ART. I, § 1];**

5.    **VIOLATION OF CALIFORNIA FINANCIAL INFORMATION PRIVACY ACT [CAL. FIN. CODE §§ 4050 TO 4060];**

6.    **VIOLATION OF CAL. CIVIL CODE § 2923.5;**

7.    **VIOLATION OF CAL. CIVIL CODE § 1798.82;**

8.    **UNFAIR COMPETITION [VIOLATIONS OF CAL. BUS. & PROF. CODE § 17200 *ET SEQ.*]**

[JURY TRIAL DEMANDED]

2

**THIRD AMENDED COMPLAINT**

**EXHIBIT A, PAGE 3**

MARTINEZ, an individual; BERTHA CREVOLIN, an individual; RONNIE CREVOLIN, an individual; PAUL JACKSON, an individual; HILARY JACKSON, an individual;; JON OXIDINE, an individual; JOHN KEALEY, an individual; LOURDES FONTZ, an individual; WAYNE FONTZ, an individual; BRENDA DIMAGGIO, an individual; VINCENT S. DIMAGGIO, an individual; TRACY L. CRIBBS-LIVINGSTON, an individual; PATRICK L. LIVINGSTON SR. an individual; KURT SANDHOFF, an individual; LINDA VAN CLEVE, an individual; EDWARD G. VAN CLEVE JR., an individual ; IRENA SOKOL, an individual; DMITRI SOKOL, an individual ; JASON BARTLETT, an individual; WILLIAM OSBORNE, an individual ; CRANFORD L. SCOTT, an individual; SHEILA SCOTT, an individual; COURTNEY SCOTT, an individual; DAVE MATSON, an individual; PAUL SIBORO; an individual; MICHELLE NUNIES, an individual; MICHAELENE MAJOR, an individual; MIKE SCHUTTE, an individual; KEVIN WALKER, an individual; JILL WALKER, an individual; CARY CRUZ, an individual; JOHN MACIAS, an individual; VIRGINIA ROTRAMEL; an individual; RONNIE VAN GREEN, an individual; SALVADOR HUIZAR, an individual; DAVID MEDLIN, an individual; EDITHA C. RESTAURO, an individual; DAVID FAULHABER, an individual; OSCAR GONZALES, an individual; MICHAEL AKIN, an individual; JOANNA SINGH, an individual; JACK LEFLER, an individual; ELIAS VIEYRA, an individual; STEVEN GUMIENNY, an individual; LAURIE MARINO, an individual; JOHNNY MARIE TORRES, an individual; JOSEPH GOMEZ, an individual; JAMES SALONDAKA, an individual; , GUILLERMO SANCHEZ, an individual; SUSAN FRANCO, an individual; CURTIS DAVIDSON, an individual; ANTHONY GOLDEN, an individual; JOSEPH SANTOS, an individual; CHRISTOPHER BRANFUHR, an individual; CHARLEY SMITH, an individual; RHONDA RILEY, an individual; VALERY BUBELA, an individual; OBI AGAH, an individual; NOEL OLIVARES,

3

**THIRD AMENDED COMPLAINT**

an individual; JESSE JOHNSON, an individual; RAYMOND HILL, an individual; KIM WILLIAMS, an individual; PHILLIP GALERA, an individual; HELIODORO BECERRA, an individual; OTIS PERARD, an individual; BASHEER MURAD, an individual; BARRY BOZARTH, an individual; RICHARD J. FOMIN, an individual; SVETLANA TYSHKEVICH, an individual; GREGORY THOMAS, an individual; WAYNE ROBBINS, an individual; KEVIN THOMPSON, an individual; EDWARD LIZARDO, an individual; LINDA LIZARDO, an individual; DONALD REY, an individual; ZANE T. WALKER, an individual; DENISE WILLIS, an individual; IVAN WILLIS, an individual; JERRY REED, an individual; NICOLE EDGECOMBE, an individual; KENNETH EDGECOMBE, an individual; RANJIT SINGH, an individual; RANJIT KAUR, an individual; ARNOLD BRIGMAN, an individual; DEBORAH BRIGMAN, an individual; DAVID REY, an individual; BARBARA KIKUGAWA, an individual; FATTEMAH FADAKER, an individual; ASHLEY JANE LARSEN, an individual; CHRISTIAN LARSEN, an individual; JOHN PHILLINGANE, an individual; JOSEPH BARTOLI, an individual; SHAWN SULLIVAN, an individual; ROBERTA ALVEREZ, an individual; CARLOS CERVANTES, an individual; TONY TURTURICI, an individual; BENJAMIN GAMEZ, an individual; ELISEO RAMOS, an individual; PETER THRIFT, an individual; ANA VILMA GUANDIQUE CISNEROS, an individual; JAMES SHIPMAN, an individual; LEZETTE FIELDER, an individual; DANA MCCLURE, an individual; ANGELA WILLIAMS, an individual; ERMA BREWER, an individual; MICHAEL OWEN, an individual; MELISSA OWEN, an individual; MARK WAYNE, an individual; MARION WAYNE, an individual; ANTONIO ARCINAS, an individual; STEVEN QUICK, an individual; REBECCA QUICK, an individual; RUSSELL HENDRICKS, an individual; LESLIE HENDRICKS, an individual; NANCY HELLER RILEY, an individual; SIMON SARKISIAN, an individual;

4

**THIRD AMENDED COMPLAINT**

EXHIBIT A, PAGE 5

CARLOS DEMELO, an individual; SALLY DEMELO, an individual; ARMANDO HINOJOSA, an individual; NICHOLAS ROB JONES, an individual; JASPAL KOCHAR, an individual; HARKRISHNAN SINGH KOCHAR, an individual; LAUDELYN GUTIERREZ, an individual; ROWAN GUTIERREZ, an individual; CYNTHIA IRELAND, an individual; MARIA PANTOJA, an individual; JOSE JAVIER PANTOJA, an individual; JULIET SICSIC, an individual; ASHMELLEY THERVIL, an individual; ELIZABETH MCCULLOUGH, an individual; BAYANI SIMPLICIANO, an individual; LORI BATMAN, an individual; KEVIN BATMAN, an individual; HIROSHI NAKAYAMA, an individual; OSCAR NAVARRO, an individual; MARIA NAVARRO, an individual; RAYMOND LEFEBVRE, an individual; LISA LEFEBVRE, an individual; GEORGE BENNETT, an individual; AMANDA BENNETT, an individual; OMAR SACO, an individual; JEAN JOSEPH, an individual; MARIE JOSEPH, an individual; LEONARD T. HERNANDEZ, an individual; MODJULITA A. HERNANDEZ, an individual; WALTER WEISS, an individual; DIANE WEISS, an individual; WILLIAM RABELLO, an individual; ALVIN BLAKE, an individual; TAWANA BLAKE, an individual; BRETT HESKETT, an individual; RIZZA HESKETT, an individual; SHYAM SUNDER, an individual; VALLIUR NADU, an individual; MELANDO ANTHONY MARTINEZ, an individual; MIKE MARTINEZ, an individual; HEATHER MAHONEY, an individual; DEBBION BRANFUHR, an individual; SONIKA TINKER, an individual; DEBRA ANNEREIN, an individual; ADNAN TORLAK, an individual; LARRY SEESE, an individual; DEBRA REIN, an individual; ALFREDO HERRERA, an individual; LORENA HERRERA, an individual; MARIA JIMENEZ, an individual; DIONICO CORTEZ, an individual; DORA ALDRETE, an individual; YOLINA LUQUIAS, an individual; DON DECKER, an individual; TAMMY DECKER, an individual; ROSE CHANG, an individual; LANCE KENNISON, an

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

5

**THIRD AMENDED COMPLAINT**

EXHIBIT A,  PAGE 6

individual; GLORY KENNISON, an individual; D'ANN FRIEND, an individual; MATTHEW FRIEND, an individual; COURTNEY NICKERSON, an individual; BRIAN NICKERSON, an individual; and others similarly situated named herein as ROES 211 through 1000, inclusive,

Plaintiffs,

vs.

BANK OF AMERICA CORPORATION, a Delaware corporation; COUNTRYWIDE FINANCIAL CORPORATION, a Delaware corporation, dba BAC HOME LOANS SERVICING; COUNTRYWIDE HOME LOANS, INC., a New York corporation; RECON TRUST COMPANY, a California entity form unknown; CTC REAL ESTATE SERVICES, a California corporation; JAMES AGATE, an individual; and DOES 2 through 1000, inclusive,

Defendants

Plaintiffs, and each of them, hereby demand a jury trial and allege as follows:

**INTRODUCTION**

1.     This lawsuit arises from: (i) Defendants' deception in inducing Plaintiffs to enter into mortgages from 2003 through 2007 with the Countrywide Defendants (defined below in Paragraph 8); (ii) Defendants' breach of Plaintiffs' Constitutionally and statutorily protected rights of privacy; and (iii) Defendants' continuing tortuous conduct intended to deprive Plaintiffs of their rights and remedies for the foregoing acts, described below.

6

**THIRD AMENDED COMPLAINT**

**EXHIBIT A,   PAGE 7**

2. This action seeks remedies for the foregoing improper activities, including a massive fraud perpetrated upon Plaintiffs and other borrowers by the Countrywide Defendants that devastated the values of their residences, in most cases resulting in Plaintiffs' loss of all or substantially all of their net worths.

3. Defendant Countrywide Financial Corporation ("*Countrywide*") was among the leading providers of mortgages in California during all times relevant to this Complaint. By 2005, Countrywide was the largest U.S. mortgage lender in the United States, originating over $490 billion in mortgage loans in 2005, over $450 billion in 2006, and over $408 billion in 2007.

4. In 2007, Defendant Bank of America ("*BofA*") commenced negotiations to acquire Countrywide. By late 2007, BofA began merging its operations with Countrywide and adopting some of Countrywide's practices. From and after its acquisition of Countrywide in July 2008 and continuing to the present, both as a successor in interest to Countrywide and as a principal, BofA has engaged in and continued the wrongful conduct complained of herein.

5. The fraud perpetrated by the Countrywide Defendants from 2003 through 2007, including by BofA starting no later than 2007, was willful and pervasive. It begin with simple greed and then accelerated when Countrywide founder and CEO Angelo Mozilo ("*Mozilo*") discovered that Countrywide could not sustain its business, unless it used its size and large market share in California to systematically create false and inflated property appraisals throughout California. Countrywide then used these false property valuations to induce Plaintiffs and other borrowers into ever-larger loans on increasingly risky terms. As Mozilo knew from no later than 2004, these loans were unsustainable for Countrywide and the borrowers and to a certainty would result in a crash that would destroy the equity invested by Plaintiffs and other Countrywide borrowers.

7

**THIRD AMENDED COMPLAINT**

**EXHIBIT A, PAGE 8**

6.    Hand-in-hand with its fraudulently-obtained mortgages, Mozilo and others at Countrywide hatched a plan to "pool" the foregoing mortgages and sell the pools for inflated value.  Rapidly, these two intertwined schemes grew into a brazen plan to disregard underwriting standards and fraudulently inflate property values – county-by-county, city-by-city, person-by-person – in order to take business from legitimate mortgage-providers, and moved on to massive securities fraud hand-in-hand with concealment from, and deception of, Plaintiffs and other mortgagees on an unprecedented scale.

7.    From as early as 2004, Countrywide's senior management led by Mozilo *knew* the scheme would cause a liquidity crisis that would devastate Plaintiffs' home values and net worths.  But, they didn't care, because their plan was based on insider trading – pumping for as long as they could and then dumping before the truth came out and Plaintiffs' losses were locked in.

8.    At the very least, at the time of entering into the notes and deeds of trust [1] referenced herein with respect to each Plaintiff, Countrywide, each Defendant originating a mortgage, each Defendant in the chain of title of the foregoing mortgages and each Defendant servicing the foregoing mortgages and the successors to each of the foregoing (collectively, the *"Countrywide Defendants"*) was bound and obligated to fully and accurately disclose to each borrower, including each Plaintiff herein, that the mortgage being offered to the Plaintiff was, in fact, part of a massive fraud that Countrywide knew would result in the loss of the equity invested by Plaintiff in his home and in severe impairment to Plaintiff's credit rating.  '

---

[1] This Complaint uses "mortgage" and "deed of trust" interchangeably.  Depending upon the state and other factors, a loan may be secured by either form of security instrument, the deed of trust being the customary instrument in California.

8

**THIRD AMENDED COMPLAINT**

**EXHIBIT A,   PAGE 9**

9. It is now all too clear that this was the ultimate high-stakes fraudulent investment scheme of the last decade. Couched in banking and securities jargon, the deceptive gamble with consumers' primary assets – their homes – was nothing more than a financial fraud perpetrated by Defendants and others on a scale never before seen. This scheme led directly to a mortgage meltdown in California that was substantially worse than any economic problems facing the rest of the United States. From 2008 to the present, Californians' home values decreased by considerably more than most other areas in the United States as a direct and proximate result of the Defendants' scheme set forth herein. The Countrywide Defendants' business premise was to leave the borrowers, including Plaintiffs, holding the bag once Countrywide and its executives had cashed in reaping huge salaries and bonuses and selling Countrywide's shares based on their inside information, while investors were still buying the increasingly overpriced mortgage pools and before the inevitable dénouement. This massive fraudulent scheme was a disaster both foreseen by Countrywide and waiting to happen. Defendants knew it, and yet Defendants still induced the Plaintiffs into their scheme without telling them.

10. As a result, Plaintiffs lost their equity in their homes, their credit ratings and histories were damaged or destroyed, and Plaintiffs incurred material other costs and expenses, described herein. At the same time, Defendants took from Plaintiffs and other borrowers billions of dollars in interest payments and fees and generated billions of dollars in profits by selling their loans at inflated values.

11. Like a drug that requires ever-higher doses to yield the same high, the fraud reached its zenith – or its nadir – when Countrywide systematically destroyed California home values county-by-county and then State-wide.

12. Then, Defendants began to use their customers' most private information for an extra "edge." This use of private information violated the inalienable Constitutional rights accorded to all California citizens. Defendants' violations ranged

9

**THIRD AMENDED COMPLAINT**

**EXHIBIT A, PAGE 10**

from the disclosure of the most private and confidential information of more than 2.4 million customers, to the outsourcing and sale of hundreds of thousands of records to bolster their fraudulent scheme, disenfranchising Californians of their Article I, § 1 inalienable rights of privacy, that went far beyond the sale of Private Information disclosed in the settlement of the Kentucky Class Action (defined below in Paragraph 270 and described herein).

13.    When Countrywide pooled the loans it originated and sold them in secondary mortgage market transactions, Countrywide recorded gains on the sales.  In 2005, Countrywide reported $451.6 million in pre-tax earnings from capital market sales; in 2006, it recognized $553.5 million in pre-tax earnings from that activity.  But, after the liquidity crisis hit, in 2007 it recognized a mere $14.9 million in pre-tax earnings from that activity and reported an overall pre-tax loss.

14.    Since the time Plaintiffs filed the initial Complaint herein, Defendants' improper acts have continued, including, *inter alia*: (i) issuing Notices of Default in violation of Cal. Civil Code §2923.5; (ii) misrepresenting their intention to arrange loan modifications for Plaintiffs, while in fact creating abusive roadblocks to deprive Plaintiffs of their legal rights; and (iii) engaging in intrinsic fraud in this Court and in Kentucky by stalling in addressing Plaintiffs' legitimate requests to cancel notices of default and for loan modifications, and by refusing to respond, in any way, to Plaintiffs' privacy causes of action.

15.    Plaintiff Kemp is indicative of the Defendants' initial fraud and continuing breaches.  Mr. Kemp owned his home for years prior to ever hearing from Countrywide. In or about 2005, Mr. Kemp heard from Countrywide brokers and beards who are members of the group of Doe Defendants referred to herein as the *"Granada Network"* (which is further described below).  A member of the Granada Network presented Mr. Kemp with the proposition that their property had hidden value and should be refinanced.

10

**THIRD AMENDED COMPLAINT**

Then, the Granada Network obtained comparable appraisals in the neighborhood also underwritten by Countrywide and used these falsely inflated comparables to support the inflated loan given to Mr. Kemp.

16.     Another Plaintiff and his wife, who wish to remain anonymous, have had more than 20-telephone calls with various departments of Defendants.  In these discussions, Defendants told Plaintiff and his wife that they would remain in their home and would be receiving loan modification papers within a week.  Plaintiff and his wife were told not to make mortgage payments, and the arrearages would be added to principal in the modification.  Plaintiff and his wife relied on this.

17.     Through a period of frustrating and stressful telephone communications lasting more than 8 months, Defendants transferred Plaintiff and his wife to numerous departments in numerous countries.  Defendants never delivered the loan modification.  Plaintiff and his wife filled out dozens of pages of paperwork at the Defendants' direction, and complied with every instruction given by the Bank.  Plaintiff and his wife told Defendants that this was causing enormous stress, because everybody in their community was being foreclosed and their property had declined in value by 50%.  Defendants brazenly told Plaintiff and his wife that Defendants "did not care" and Plaintiff and his wife should "grow up."

18.     In early 2008, Plaintiff's wife developed a virulent form of cancer and Plaintiff told the Defendants to please complete what it had promised.  Defendants never did so.  Plaintiff's wife died of cancer and Plaintiff is now a widower.  The Defendants now make four to six dunning calls to Plaintiff per week.  Plaintiff has been forced to quit his job and is on a fixed income.  While he can afford a mortgage, he cannot obtain any finality from the Defendants.  This Plaintiff has no recourse other than through this lawsuit.

11

**THIRD AMENDED COMPLAINT**

**EXHIBIT A, PAGE 12**

19.     Plaintiff in example three, who wishes to remain anonymous, is a retired Deputy Sheriff and Court bailiff.  He is on pension from the County Sheriff Department.  Plaintiff is a 62-year old man who planned on enjoying his retirement.  Unfortunately, he entered his late years as a widower.  His wife died of cancer 11 years ago.  For two years, at Defendants' direction, Plaintiff has submitted information to at least 21 different "consultants" designated by Defendant.  Plaintiff has also asked for a copy of his loan file, however, Defendants told him their files are confidential and he may not see his loan file.  Plaintiff was told that, because of his good pension and regular fixed income, his would be an easy resolution.  However, over the past two years, Plaintiff has received and made more than 139 documented calls with the Defendants.

20.     As time progressed, this retired Sheriff became extremely stressed and he began seeing the symptoms of the stress.  The retired Sheriff's doctors advised him to abandon the home and stop dealing with the Defendants due to the stress it was causing him.  Plaintiff did not listen to his doctor's advice because he believed in "the system" and believed in "Defendants."  Within the past four months, Defendants have made constant dunning calls to Plaintiff and his level of stress has increased dramatically.  In May, 2010, Plaintiff had a myocardial infarction (a serious form of heart attack) and was rushed to the hospital.  While in the hospital, he was placed on life support and given a small chance of surviving.  After three grueling surgeries, Plaintiff was blessed to be given the gift of life and he returned to his home.

21.     Upon first re-entering his home from the hospital, the telephone rang.  It was the "East Coast" offices of Defendants demanding payment.  Plaintiff told them about his heart attack, about his life support, and about his surgeries.  He explained that his income was fixed, his pension a good one, and he would like to finally complete the long promised modification.  The Defendants had four people on the telephone and they explained that they were calling him "not to modify his loan or to bring [him] current, but

12

**THIRD AMENDED COMPLAINT**

to collect a debt." These four people told Plaintiff they did not want to hear his "sob story" and he would lose his home if he did not "pay up."

22.     This Plaintiff was instructed by his physician to leave the property. He has rented a property one block from his home, which home is now vacant. Plaintiff intends to apply to this Court for injunctive relief so he can retake possession of his home. The reason is simple: Defendants have now found him at his rented residence and they are now making dunning calls to him there. Under Section 580d of the California Civil Code, Defendants cannot collect a deficiency against this retired Sheriff and Court bailiff. The calls they are making are intended to deflect from the important facts: What is in this Plaintiff's loan file?

23.     The foregoing even to this day benefits the very people who were behind the Countrywide fraud. For example, Stanford Kerlund, former president of Countrywide, left Countrywide as the scheme was accelerating in late 2006. He then formed PennyMac, his current business. PennyMac buys up the mortgages on which Plaintiffs and other Countrywide borrowers defaulted at pennies on the dollar, repackages the mortgages and sells them for a profit, thereby adding continued injury and profit to the original scheme. PennyMac's business is supported and sanctioned by the Defendants herein.

24.     Defendants have gone to great lengths to avoid producing documents in this litigation because they know that such documents will establish all details of the massive fraud they perpetrated on Plaintiffs and other Californians. PennyMac, the Granada Network and Defendants' overseas operations are used by Defendants to systematically hide documents. By delaying production of documents, the Defendants are buying time as they (a) accept the benefits of the scheme described herein, (b) cover up their fraud, and (c) make it materially more expensive and difficult for Plaintiffs and their counsel to obtain a just result.

13

**THIRD AMENDED COMPLAINT**

25.    The Defendants include some of our leading financial institutions – institutions on which Plaintiffs thought they could rely and did rely. But, they were wrong. As is clear from the mounting number of federal and state enforcement actions against Defendants, it is now widely recognized that they have done very bad things with regard to their mortgage business. Without limitation, the United States Securities and Exchange Commission ("*SEC*") has charged Mozilo and other former senior officers of Countrywide with fraud for the securitization counterpart of the fraud perpetrated on Plaintiffs; the SEC has obtained a $150 million settlement from BofA for fraud involving its acquisition of Merrill Lynch; the United States Federal Trade Commission ("*FTC*") has obtained $108 million from two Countrywide mortgage servicing companies to settle FTC charges that they collected excessive fees from cash-strapped borrowers who were struggling to keep their homes; and New York has commenced fraud proceedings against the recently departed BofA CEO.

26.    These acts continue to this day with hardball tactics and deception that continue to threaten Plaintiffs' Constitutional rights and financial security, as well as the economic future of the State of California.

**PARTIES**

27.    Plaintiffs PAUL RONALD and LISA RONALD are individuals residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on their California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

28.    Plaintiff HEATHER BROUSSARD is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on her

14

**THIRD AMENDED COMPLAINT**

**EXHIBIT A, PAGE 15**

California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

29.    Plaintiff MIKE LEE is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

30.    Plaintiff TRACEY HAMPTON is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on her California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

31.    Plaintiff PRISCILLA BOWIN is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on her California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

32.    Plaintiff MARK BOWIN is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

33.    Plaintiff BRIAN WEGESSER is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his

15

**THIRD AMENDED COMPLAINT**

**EXHIBIT A, PAGE 16**

California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

34.    Plaintiffs MELVIN PAPE AND GERALDINE PAPE are individuals residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on their California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

35.    Plaintiff RENEE MCCLAIN is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on her California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

36.    Plaintiff JOHANNES WERTTI is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

37.    Plaintiff KIM BUNYAN is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on her California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

38.    Plaintiffs JON M. SHIDLER and AMY R. SHIDLER are individuals residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a

16

**THIRD AMENDED COMPLAINT**

**EXHIBIT A, PAGE 17**

deed of trust on their California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

39.    Plaintiffs JON MICHAEL SHIDLER, SR. and MARILYN KAY SHIDLER are individuals residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on their California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

40.    Plaintiff KEITH FURMAN is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

41.    Plaintiff RENE MINNAAR is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on her California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

42.    Plaintiff DOLORES HARRISON is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on her California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

43.    Plaintiffs PETER GRAF and INDIA GRAF are individuals residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on

17

**THIRD AMENDED COMPLAINT**

**EXHIBIT A,  PAGE 18**

their California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

44. Plaintiffs MARK GARCIA AND GUADALUPE GARCIA are individuals residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on their California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

45. Plaintiffs ALEJO GUTIERREZ and MARIA GUTIERREZ are individuals residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on their California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

46. Plaintiff MARIA PAZARAN is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on her California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

47. Plaintiffs BROWN TUIASOSOPO and LAURA TUIASOSOPO are individuals residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on their California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

48. Plaintiff ALLEN HUNTER is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his

18

**THIRD AMENDED COMPLAINT**

**EXHIBIT A, PAGE 19**

California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

49. Plaintiffs DENNIS HARDIN and DONNA HARDIN are individuals residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on their California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

50. Plaintiff EVELYN DAY is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on her California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

51. Plaintiff ANDRES SABLAN is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

52. Plaintiff MARY MACDONALD is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on her California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

53. Plaintiff STEVEN A. JEDLOWSKI III is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on

19

**THIRD AMENDED COMPLAINT**

**EXHIBIT A, PAGE 20**

his California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

54.     Plaintiff CARLOS ROMAN is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

55.     Plaintiff JEROME CHARLES SEATON, JR. is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

56.     Plaintiff JOSEPH ANTONUCCI is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

57.     Plaintiff JENNIFER NITRIO is added herewith as Plaintiff ROE 1 pursuant to this Court's order authorizing ROE plaintiffs in this action. She is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on her California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

58.     Plaintiff KHALID SALEEM is added herewith as Plaintiff ROE 2 pursuant to this Court's order authorizing ROE plaintiffs in this action. He is an individual residing in the State of California, who borrowed money from Countrywide or

20

**THIRD AMENDED COMPLAINT**

its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

59.     Plaintiff TRACIE GLASHAN is added herewith as Plaintiff ROE 3 pursuant to this Court's order authorizing ROE plaintiffs in this action. She is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on her California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

60.     Plaintiff SUMMER SANDHOFF is added herewith as Plaintiff ROE 4 pursuant to this Court's order authorizing ROE plaintiffs in this action. She is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on her California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

61.     Plaintiff ALICE H. WARE is added herewith as Plaintiff ROE 5 pursuant to this Court's order authorizing ROE plaintiffs in this action. She is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on her California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

62.     Plaintiff TERRY W. WARE is added herewith as Plaintiff ROE 6 pursuant to this Court's order authorizing ROE plaintiffs in this action. He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a

21

**THIRD AMENDED COMPLAINT**

**EXHIBIT A, PAGE 22**

deed of trust on his California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

63.   Plaintiff DUSTIN HANNA is added herewith as Plaintiff ROE 7 pursuant to this Court's order authorizing ROE plaintiffs in this action. He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

64.   Plaintiff FRANK HERNANDEZ is added herewith as Plaintiff ROE 8 pursuant to this Court's order authorizing ROE plaintiffs in this action. He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

65.   Plaintiff DAVID BEAUBIEN is added herewith as Plaintiff ROE 9 pursuant to this Court's order authorizing ROE plaintiffs in this action. He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

66.   Plaintiff GREGORY T. HITTER is added herewith as Plaintiff ROE 10 pursuant to this Court's order authorizing ROE plaintiffs in this action. He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

22

**THIRD AMENDED COMPLAINT**

**EXHIBIT A,   PAGE 23**

67. Plaintiff JOEL J. MARSHALL is added herewith as Plaintiff ROE 11 pursuant to this Court's order authorizing ROE plaintiffs in this action. He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

68. Plaintiff GINA RODRIGUEZ is added herewith as Plaintiff ROE 12 pursuant to this Court's order authorizing ROE plaintiffs in this action. She is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on her California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

69. Plaintiff LEONARD WONG is added herewith as Plaintiff ROE 13 pursuant to this Court's order authorizing ROE plaintiffs in this action. He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007 secured by a deed of trust on his California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

70. Plaintiff JASON MCCORMICK is added herewith as Plaintiff ROE 14 pursuant to this Court's order authorizing ROE plaintiffs in this action. He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

71. Plaintiff CAPRICE DAY-BORGESON is added herewith as Plaintiff ROE 15 pursuant to this Court's order authorizing ROE plaintiffs in this action. She is an

23

**THIRD AMENDED COMPLAINT**

**EXHIBIT A, PAGE 24**

individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on her California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

72.     Plaintiff DANIEL BORGESON is added herewith as Plaintiff ROE 16 pursuant to this Court's order authorizing ROE plaintiffs in this action. He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

73.     Plaintiff TIMOTHY J. KLEMENS is added herewith as Plaintiff ROE 17 pursuant to this Court's order authorizing ROE plaintiffs in this action. He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

74.     Plaintiff MONICA L. KLEMENS is added herewith as Plaintiff ROE 18 pursuant to this Court's order authorizing ROE plaintiffs in this action. She is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on her California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

75.     Plaintiff BRENT WELBURN is added herewith as Plaintiff ROE 19 pursuant to this Court's order authorizing ROE plaintiffs in this action. He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by

24

**THIRD AMENDED COMPLAINT**

**EXHIBIT A,  PAGE 25**

a deed of trust on his California real estate.  At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

76.    Plaintiff LYNN KIMBERLY is added herewith as Plaintiff ROE 20 pursuant to this Court's order authorizing ROE plaintiffs in this action.  She is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on her California real estate.  At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

77.    Plaintiff DONNA ROSBY is added herewith as Plaintiff ROE 21 pursuant to this Court's order authorizing ROE plaintiffs in this action.  She is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on her California real estate.  At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

78.    Plaintiff JACQUIE MARIE HANNA is added herewith as Plaintiff ROE 22 pursuant to this Court's order authorizing ROE plaintiffs in this action.  She is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on her California real estate.  At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

79.    Plaintiff TERRI O'CONNOR is added herewith as Plaintiff ROE 23 pursuant to this Court's order authorizing ROE plaintiffs in this action.  She is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on her California real estate.  At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

25

**THIRD AMENDED COMPLAINT**

80.    Plaintiff GEORGE J. O'CONNOR is added herewith as Plaintiff ROE 24 pursuant to this Court's order authorizing ROE plaintiffs in this action. He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

81.    Plaintiff STEVEN W. MILLER is added herewith as Plaintiff ROE 25 pursuant to this Court's order authorizing ROE plaintiffs in this action. He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

82.    Plaintiff PETER KREUZER is added herewith as Plaintiff ROE 26 pursuant to this Court's order authorizing ROE plaintiffs in this action. He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

83.    Plaintiff EUNJAE JEONG is added herewith as Plaintiff ROE 27 pursuant to this Court's order authorizing ROE plaintiffs in this action. She is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on her California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

84.    Plaintiff ROGER FENSTERMACHER is added herewith as Plaintiff ROE 28 pursuant to this Court's order authorizing ROE plaintiffs in this action. He is an

26

**THIRD AMENDED COMPLAINT**

**EXHIBIT A,    PAGE 27**

individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

85.    Plaintiff DENNIS KEMP is added herewith as Plaintiff ROE 29 pursuant to this Court's order authorizing ROE plaintiffs in this action. He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

86.    Plaintiff JOSEPH CINA is added herewith as Plaintiff ROE 30 pursuant to this Court's order authorizing ROE plaintiffs in this action. He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

87.    Plaintiff EVELYN IRVING is added herewith as Plaintiff ROE 31 pursuant to this Court's order authorizing ROE plaintiffs in this action. She is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on her California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

88.    Plaintiff DANILO LUQUIAS is added herewith as Plaintiff ROE 32 pursuant to this Court's order authorizing ROE plaintiffs in this action. He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by

27

**THIRD AMENDED COMPLAINT**

a deed of trust on his California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

89.    Plaintiff BRUNO MARTINEZ is added herewith as Plaintiff ROE 33 pursuant to this Court's order authorizing ROE plaintiffs in this action. He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

90.    Plaintiff BERTHA CREVOLIN is added herewith as Plaintiff ROE 34 pursuant to this Court's order authorizing ROE plaintiffs in this action. She is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on her California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

91.    Plaintiff RONNIE CREVOLIN is added herewith as Plaintiff ROE 35 pursuant to this Court's order authorizing ROE plaintiffs in this action. He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

92.    Plaintiff PAUL JACKSON is added herewith as Plaintiff ROE 36 pursuant to this Court's order authorizing ROE plaintiffs in this action. He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

28

**THIRD AMENDED COMPLAINT**

**EXHIBIT A,   PAGE 29**

93.    Plaintiff HILARY JACKSON is added herewith as Plaintiff ROE 37 pursuant to this Court's order authorizing ROE plaintiffs in this action.  She is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on her California real estate.  At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

94.    Plaintiff JON OXIDINE is added herewith as Plaintiff ROE 38 pursuant to this Court's order authorizing ROE plaintiffs in this action.  He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007,  secured by a deed of trust on his California real estate  At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

95.    Plaintiff JOHN KEALEY is added herewith as Plaintiff ROE 39 pursuant to this Court's order authorizing ROE plaintiffs in this action.  He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate.  At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

96.    Plaintiff LOURDES FONTZ is added herewith as Plaintiff ROE 40 pursuant to this Court's order authorizing ROE plaintiffs in this action.  She is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on her California real estate.  At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

97.    Plaintiff WAYNE FONTZ is added herewith as Plaintiff ROE 41 pursuant to this Court's order authorizing ROE plaintiffs in this action.  He is an individual

29

**THIRD AMENDED COMPLAINT**

**EXHIBIT A,  PAGE 30**

residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate  At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

98.   Plaintiff BRENDA DIMAGGIO is added herewith as Plaintiff ROE 42 pursuant to this Court's order authorizing ROE plaintiffs in this action.  She is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on her California real estate.  At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

99.   Plaintiff VINCENT S. DIMAGGIO is added herewith as Plaintiff ROE 43 pursuant to this Court's order authorizing ROE plaintiffs in this action.  He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate.  At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

100.   Plaintiff TRACY L. CRIBBS-LIVINGSTON is added herewith as Plaintiff ROE 44 pursuant to this Court's order authorizing ROE plaintiffs in this action.  She is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on her California real estate.  At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

101.   Plaintiff PATRICK L. LIVINGSTON SR. is added herewith as Plaintiff ROE 45 pursuant to this Court's order authorizing ROE plaintiffs in this action.  He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by

30

**THIRD AMENDED COMPLAINT**

a deed of trust on his California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

102.    Plaintiff KURT SANDHOFF is added herewith as Plaintiff ROE 46 pursuant to this Court's order authorizing ROE plaintiffs in this action. He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

103.    Plaintiff LINDA VAN CLEVE is added herewith as Plaintiff ROE 47 pursuant to this Court's order authorizing ROE plaintiffs in this action. She is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on her California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

104.    Plaintiff EDWARD G. VAN CLEVE JR. is added herewith as Plaintiff ROE 48 pursuant to this Court's order authorizing ROE plaintiffs in this action. He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

105.    Plaintiff IRENA SOKOL is added herewith as Plaintiff ROE 49 pursuant to this Court's order authorizing ROE plaintiffs in this action. She is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on her California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

31

**THIRD AMENDED COMPLAINT**

**EXHIBIT A, PAGE 32**

106.    Plaintiff DMITRI SOKOL is added herewith as Plaintiff ROE 50 pursuant to this Court's order authorizing ROE plaintiffs in this action. He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

107.    Plaintiff JASON BARTLETT is added herewith as Plaintiff ROE 51 pursuant to this Court's order authorizing ROE plaintiffs in this action. He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

108.    Plaintiff WILLIAM OSBORNE is added herewith as Plaintiff ROE 52 pursuant to this Court's order authorizing ROE plaintiffs in this action. He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

109.    Plaintiff CRANFORD L. SCOTT is added herewith as Plaintiff ROE 53 pursuant to this Court's order authorizing ROE plaintiffs in this action. Since 2004 he received a mortgage from Countrywide on his real estate in California.

110.    Plaintiff SHEILA SCOTT is added herewith as Plaintiff ROE 54 pursuant to this Court's order authorizing ROE plaintiffs in this action. Since 2004 she received a mortgage from Countrywide on her real estate in California.

32

**THIRD AMENDED COMPLAINT**

111. Plaintiff COURTNEY SCOTT is added herewith as Plaintiff ROE 55 pursuant to this Court's order authorizing ROE plaintiffs in this action. Since 2004 he received a mortgage from Countrywide on his real estate in California.

112. Plaintiff DAVE MATSON is added herewith as Plaintiff ROE 56 pursuant to this Court's order authorizing ROE plaintiffs in this action. He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

113. Plaintiff PAUL SIBORO is added herewith as Plaintiff ROE 57 pursuant to this Court's order authorizing ROE plaintiffs in this action. He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

114. Plaintiff MICHELLE NUNIES is added herewith as Plaintiff ROE 58 pursuant to this Court's order authorizing ROE plaintiffs in this action. She is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on her California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

115. Plaintiff MICHAELENE MAJOR is added herewith as Plaintiff ROE 59 pursuant to this Court's order authorizing ROE plaintiffs in this action. She is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by

33

**THIRD AMENDED COMPLAINT**

**EXHIBIT A, PAGE 34**

a deed of trust on her California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

116. Plaintiff MIKE SCHUTTE is added herewith as Plaintiff ROE 60 pursuant to this Court's order authorizing ROE plaintiffs in this action. He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

117. Plaintiff KEVIN WALKER is added herewith as Plaintiff ROE 61 pursuant to this Court's order authorizing ROE plaintiffs in this action. He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

118. Plaintiff JILL WALKER is added herewith as Plaintiff ROE 62 pursuant to this Court's order authorizing ROE plaintiffs in this action. She is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on her California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

119. Plaintiff CARY CRUZ is added herewith as Plaintiff ROE 63 pursuant to this Court's order authorizing ROE plaintiffs in this action. He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

34

**THIRD AMENDED COMPLAINT**

120. Plaintiff JOHN MACIAS is added herewith as Plaintiff ROE 64 pursuant to this Court's order authorizing ROE plaintiffs in this action. He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

121. Plaintiff VIRGINIA ROTRAMEL is added herewith as Plaintiff ROE 65 pursuant to this Court's order authorizing ROE plaintiffs in this action. She is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on her California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

122. Plaintiff RONNIE VAN GREEN is added herewith as Plaintiff ROE 66 pursuant to this Court's order authorizing ROE plaintiffs in this action. He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on her California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

123. Plaintiff SALVADOR HUIZAR is added herewith as Plaintiff ROE 67 pursuant to this Court's order authorizing ROE plaintiffs in this action. He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

124. Plaintiff DAVID MEDLIN is added herewith as Plaintiff ROE 68 pursuant to this Court's order authorizing ROE plaintiffs in this action. He is an individual

35

**THIRD AMENDED COMPLAINT**

residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

125. Plaintiff EDITHA C. RESTAURO is added herewith as Plaintiff ROE 69 pursuant to this Court's order authorizing ROE plaintiffs in this action. She is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on her California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

126. Plaintiff DAVID FAULHABER is added herewith as Plaintiff ROE 70 pursuant to this Court's order authorizing ROE plaintiffs in this action. He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

127. Plaintiff OSCAR GONZALEZ is added herewith as Plaintiff ROE 71 pursuant to this Court's order authorizing ROE plaintiffs in this action. He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

128. Plaintiff MICHAEL AKIN is added herewith as Plaintiff ROE 72 pursuant to this Court's order authorizing ROE plaintiffs in this action. He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a

36

**THIRD AMENDED COMPLAINT**

**EXHIBIT A, PAGE 37**

deed of trust on his California real estate.  At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

129.    Plaintiff JOANNA SINGH is added herewith as Plaintiff ROE 73 pursuant to this Court's order authorizing ROE plaintiffs in this action.  She is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on her California real estate.  At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

130.    Plaintiff JACK LEFLER is added herewith as Plaintiff ROE 74 pursuant to this Court's order authorizing ROE plaintiffs in this action.  He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate.  At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

131.    Plaintiff ELIAS VIEYRA is added herewith as Plaintiff ROE 75 pursuant to this Court's order authorizing ROE plaintiffs in this action.  He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate.  At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

132.    Plaintiff STEVEN GUMIENNY is added herewith as Plaintiff ROE 76 pursuant to this Court's order authorizing ROE plaintiffs in this action.  He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate.  At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

37

**THIRD AMENDED COMPLAINT**

133.   Plaintiff LAURIE MARINO is added herewith as Plaintiff ROE 77 pursuant to this Court's order authorizing ROE plaintiffs in this action. She is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on her California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

134.   Plaintiff JOHNNY MARIE TORRES is added herewith as Plaintiff ROE 78 pursuant to this Court's order authorizing ROE plaintiffs in this action. He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

135.   Plaintiff JOSEPH GOMEZ is added herewith as Plaintiff ROE 79 pursuant to this Court's order authorizing ROE plaintiffs in this action. He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

136.   Plaintiff JAMES SALONDAKA is added herewith as Plaintiff ROE 80 pursuant to this Court's order authorizing ROE plaintiffs in this action. He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

137.   Plaintiff GUILLERMO SANCHEZ is added herewith as Plaintiff ROE 81 pursuant to this Court's order authorizing ROE plaintiffs in this action. He is an

38

**THIRD AMENDED COMPLAINT**

individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

138. Plaintiff SUSAN FRANCO is added herewith as Plaintiff ROE 82 pursuant to this Court's order authorizing ROE plaintiffs in this action. She is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on her California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

139. Plaintiff CURTIS DAVIDSON is added herewith as Plaintiff ROE 83 pursuant to this Court's order authorizing ROE plaintiffs in this action. He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

140. Plaintiff ANTHONY GOLDEN is added herewith as Plaintiff ROE 84 pursuant to this Court's order authorizing ROE plaintiffs in this action. He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

141. Plaintiff JOSEPH SANTOS is added herewith as Plaintiff ROE 85 pursuant to this Court's order authorizing ROE plaintiffs in this action. He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by

39

**THIRD AMENDED COMPLAINT**

a deed of trust on his California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

142. Plaintiff CHRISTOPHER BRANFUHR is added herewith as Plaintiff ROE 86 pursuant to this Court's order authorizing ROE plaintiffs in this action. He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

143. Plaintiff CHARLEY SMITH is added herewith as Plaintiff ROE 87 pursuant to this Court's order authorizing ROE plaintiffs in this action. He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

144. Plaintiff RHONDA RILEY is added herewith as Plaintiff ROE 88 pursuant to this Court's order authorizing ROE plaintiffs in this action. She is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on her California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

145. Plaintiff VALERY BUBELA is added herewith as Plaintiff ROE 89 pursuant to this Court's order authorizing ROE plaintiffs in this action. He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

40

**THIRD AMENDED COMPLAINT**

146.   Plaintiff OBI AGAH is added herewith as Plaintiff ROE 90 pursuant to this Court's order authorizing ROE plaintiffs in this action.  He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate.  At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

147.   Plaintiff NOEL OLIVARES is added herewith as Plaintiff ROE 91 pursuant to this Court's order authorizing ROE plaintiffs in this action.  He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate.  At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

148.   Plaintiff JESSE JOHNSON is added herewith as Plaintiff ROE 92 pursuant to this Court's order authorizing ROE plaintiffs in this action.  He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate.  At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

149.   Plaintiff RAYMOND HILL is added herewith as Plaintiff ROE 93 pursuant to this Court's order authorizing ROE plaintiffs in this action.  He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate.  At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

150.   Plaintiff KIM WILLIAMS is added herewith as Plaintiff ROE 94 pursuant to this Court's order authorizing ROE plaintiffs in this action.  She is an individual

41

**THIRD AMENDED COMPLAINT**

**EXHIBIT A, PAGE 42**

residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on her California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

151. Plaintiff PHILLIP GALERA is added herewith as Plaintiff ROE 95 pursuant to this Court's order authorizing ROE plaintiffs in this action. He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

152. Plaintiff HELIODORO BECERRA is added herewith as Plaintiff ROE 96 pursuant to this Court's order authorizing ROE plaintiffs in this action. He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

153. Plaintiff OTIS PERARD is added herewith as Plaintiff ROE 97 pursuant to this Court's order authorizing ROE plaintiffs in this action. He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

154. Plaintiff BASHEER MURAD is added herewith as Plaintiff ROE 98 pursuant to this Court's order authorizing ROE plaintiffs in this action. He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by

42

**THIRD AMENDED COMPLAINT**

a deed of trust on his California real estate.  At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

155.    Plaintiff BARRY BOZARTH is added herewith as Plaintiff ROE 99 pursuant to this Court's order authorizing ROE plaintiffs in this action.  He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate.  At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

156.    Plaintiff RICHARD J. FOMIN is added herewith as Plaintiff ROE 100 pursuant to this Court's order authorizing ROE plaintiffs in this action.  He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate.  At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

157.    Plaintiff SVETLANA TYSHKEVICH is added herewith as Plaintiff ROE 101 pursuant to this Court's order authorizing ROE plaintiffs in this action.  He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate.  At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

158.    Plaintiff GREGORY THOMAS is added herewith as Plaintiff ROE 102 pursuant to this Court's order authorizing ROE plaintiffs in this action.  He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate.  At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

43

**THIRD AMENDED COMPLAINT**

**EXHIBIT A,  PAGE 44**

159.   Plaintiff WAYNE ROBBINS is added herewith as Plaintiff ROE 103 pursuant to this Court's order authorizing ROE plaintiffs in this action.  He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate.  At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

160.   Plaintiff KEVIN THOMPSON is added herewith as Plaintiff ROE 104 pursuant to this Court's order authorizing ROE plaintiffs in this action.  He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate.  At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

161.   Plaintiff EDWARD LIZARDO is added herewith as Plaintiff ROE 105 pursuant to this Court's order authorizing ROE plaintiffs in this action.  He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate.  At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

162.   Plaintiff LINDA LIZARDO is added herewith as Plaintiff ROE 106 pursuant to this Court's order authorizing ROE plaintiffs in this action.  She is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on her California real estate.  At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

163.   Plaintiff DONALD REY is added herewith as Plaintiff ROE 107 pursuant to this Court's order authorizing ROE plaintiffs in this action.  He is an individual

44

**THIRD AMENDED COMPLAINT**

residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

164. Plaintiff ZANE T. WALKER is added herewith as Plaintiff ROE 108 pursuant to this Court's order authorizing ROE plaintiffs in this action. He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

165. Plaintiff DENISE WILLIS is added herewith as Plaintiff ROE 109 pursuant to this Court's order authorizing ROE plaintiffs in this action. She is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on her California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

166. Plaintiff IVAN WILLIS is added herewith as Plaintiff ROE 110 pursuant to this Court's order authorizing ROE plaintiffs in this action. He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

167. Plaintiff JERRY REED is added herewith as Plaintiff ROE 111 pursuant to this Court's order authorizing ROE plaintiffs in this action. He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on

45

**THIRD AMENDED COMPLAINT**

**EXHIBIT A, PAGE 46**

his California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

168.    Plaintiff NICOLE EDGECOMBE is added herewith as Plaintiff ROE 112 pursuant to this Court's order authorizing ROE plaintiffs in this action. She is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on her California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

169.    Plaintiff KENNETH EDGECOMBE is added herewith as Plaintiff ROE 113 pursuant to this Court's order authorizing ROE plaintiffs in this action. He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

170.    Plaintiff RANJIT SINGH is added herewith as Plaintiff ROE 114 pursuant to this Court's order authorizing ROE plaintiffs in this action. He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

171.    Plaintiff RANJIT KAUR is added herewith as Plaintiff ROE 115 pursuant to this Court's order authorizing ROE plaintiffs in this action. He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

46

**THIRD AMENDED COMPLAINT**

**EXHIBIT A, PAGE 47**

172. Plaintiff ARNOLD BRIGMAN is added herewith as Plaintiff ROE 116 pursuant to this Court's order authorizing ROE plaintiffs in this action. He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

173. Plaintiff DEBORAH BRIGMAN is added herewith as Plaintiff ROE 117 pursuant to this Court's order authorizing ROE plaintiffs in this action. She is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on her California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

174. Plaintiff DAVID REY is added herewith as Plaintiff ROE 118 pursuant to this Court's order authorizing ROE plaintiffs in this action. He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

175. Plaintiff BARBARA KIKUGAWA is added herewith as Plaintiff ROE 119 pursuant to this Court's order authorizing ROE plaintiffs in this action. She is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on her California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

176. Plaintiff FATTEMAH FADAKER is added herewith as Plaintiff ROE 120 pursuant to this Court's order authorizing ROE plaintiffs in this action. She is an

47

**THIRD AMENDED COMPLAINT**

individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on her California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

177.   Plaintiff ASHLEY JANE LARSEN is added herewith as Plaintiff ROE 121 pursuant to this Court's order authorizing ROE plaintiffs in this action. She is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on her California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

178.   Plaintiff CHRISTIAN LARSEN is added herewith as Plaintiff ROE 122 pursuant to this Court's order authorizing ROE plaintiffs in this action. He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

179.   Plaintiff JOHN PHILLINGANE is added herewith as Plaintiff ROE 123 pursuant to this Court's order authorizing ROE plaintiffs in this action. He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

180.   Plaintiff JOSEPH BARTOLI is added herewith as Plaintiff ROE 124 pursuant to this Court's order authorizing ROE plaintiffs in this action. He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by

48

**THIRD AMENDED COMPLAINT**

a deed of trust on his California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

181. Plaintiff SHAWN SULLIVAN is added herewith as Plaintiff ROE 125 pursuant to this Court's order authorizing ROE plaintiffs in this action. He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

182. Plaintiff ROBERTA ALVEREZ is added herewith as Plaintiff ROE 126 pursuant to this Court's order authorizing ROE plaintiffs in this action. She is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on her California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

183. Plaintiff CARLOS CERVANTES is added herewith as Plaintiff ROE 127 pursuant to this Court's order authorizing ROE plaintiffs in this action. He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

184. Plaintiff TONY TURURICI is added herewith as Plaintiff ROE 128 pursuant to this Court's order authorizing ROE plaintiffs in this action. He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

49

**THIRD AMENDED COMPLAINT**

185.    Plaintiff BENJAMIN GAMEZ is added herewith as Plaintiff ROE 129 pursuant to this Court's order authorizing ROE plaintiffs in this action.  He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate.  At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

186.    Plaintiff ELISEO RAMOS is added herewith as Plaintiff ROE 130 pursuant to this Court's order authorizing ROE plaintiffs in this action.  He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate.  At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

187.    Plaintiff PETER THRIFT is added herewith as Plaintiff ROE 131 pursuant to this Court's order authorizing ROE plaintiffs in this action.  He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate.  At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

188.    Plaintiff ANA VILMA GUANDIQUE CISNEROS is added herewith as Plaintiff ROE 132 pursuant to this Court's order authorizing ROE plaintiffs in this action.  She is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on her California real estate.  At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

50

**THIRD AMENDED COMPLAINT**

**EXHIBIT A,  PAGE 51**

189.    Plaintiff JAMES SHIPMAN is added herewith as Plaintiff ROE 133 pursuant to this Court's order authorizing ROE plaintiffs in this action.  He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate.  At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

190.    Plaintiff LEZETTE FIELDER is added herewith as Plaintiff ROE 134 pursuant to this Court's order authorizing ROE plaintiffs in this action.  She is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on her California real estate.  At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

191.    Plaintiff DANA MCCLURE is added herewith as Plaintiff ROE 135 pursuant to this Court's order authorizing ROE plaintiffs in this action.  She is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on her California real estate.  At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

192.    Plaintiff ANGELA WILLIAMS is added herewith as Plaintiff ROE 136 pursuant to this Court's order authorizing ROE plaintiffs in this action.  She is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on her California real estate.  At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

193.    Plaintiff ERMA BREWER is added herewith as Plaintiff ROE 137 pursuant to this Court's order authorizing ROE plaintiffs in this action.  She is an

51

**THIRD AMENDED COMPLAINT**

**EXHIBIT A,  PAGE 52**

individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on her California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

194.   Plaintiff MICHAEL OWEN is added herewith as Plaintiff ROE 138 pursuant to this Court's order authorizing ROE plaintiffs in this action. He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

195.   Plaintiff MELISSA OWEN is added herewith as Plaintiff ROE 139 pursuant to this Court's order authorizing ROE plaintiffs in this action. She is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on her California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

196.   Plaintiff MARK WAYNE is added herewith as Plaintiff ROE 140 pursuant to this Court's order authorizing ROE plaintiffs in this action. He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

197.   Plaintiff MARION WAYNE is added herewith as Plaintiff ROE 141 pursuant to this Court's order authorizing ROE plaintiffs in this action. She is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by

52

THIRD AMENDED COMPLAINT

a deed of trust on her California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

198.    Plaintiff ANTONIO ARCINAS is added herewith as Plaintiff ROE 142 pursuant to this Court's order authorizing ROE plaintiffs in this action. He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

199.    Plaintiff STEVEN QUICK is added herewith as Plaintiff ROE 143 pursuant to this Court's order authorizing ROE plaintiffs in this action. He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

200.    Plaintiff REBECCA QUICK is added herewith as Plaintiff ROE 144 pursuant to this Court's order authorizing ROE plaintiffs in this action. She is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on her California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

201.    Plaintiff RUSSEL HENDRICKS is added herewith as Plaintiff ROE 145 pursuant to this Court's order authorizing ROE plaintiffs in this action. He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

53

**THIRD AMENDED COMPLAINT**

202.    Plaintiff LESLIE HENDRICKS is added herewith as Plaintiff ROE 146 pursuant to this Court's order authorizing ROE plaintiffs in this action.  She is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on her California real estate.  At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

203.    Plaintiff NANCY HELLER RILEY is added herewith as Plaintiff ROE 147 pursuant to this Court's order authorizing ROE plaintiffs in this action.  She is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on her California real estate.  At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

204.    Plaintiff SIMON SARKISIAN is added herewith as Plaintiff ROE 148 pursuant to this Court's order authorizing ROE plaintiffs in this action.  He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate.  At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

205.    Plaintiff CARLOS DEMELO is added herewith as Plaintiff ROE 149 pursuant to this Court's order authorizing ROE plaintiffs in this action.  He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate.  At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

206.    Plaintiff SALLY DEMELO is added herewith as Plaintiff ROE 150 pursuant to this Court's order authorizing ROE plaintiffs in this action.  She is an

54

**THIRD AMENDED COMPLAINT**

**EXHIBIT A,  PAGE 55**

individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on her California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

207.    Plaintiff ARMANDO HINOJOSA is added herewith as Plaintiff ROE 151 pursuant to this Court's order authorizing ROE plaintiffs in this action. He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

208.    Plaintiff NICHOLAS ROB JONES is added herewith as Plaintiff ROE 152 pursuant to this Court's order authorizing ROE plaintiffs in this action. He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

209.    Plaintiff JASPAL KOCHAR is added herewith as Plaintiff ROE 153 pursuant to this Court's order authorizing ROE plaintiffs in this action. He is an individual who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

210.    Plaintiff HARKRISHNAN SINGH KOCHAR is added herewith as Plaintiff ROE 154 pursuant to this Court's order authorizing ROE plaintiffs in this action. She is an individual who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on

55

**THIRD AMENDED COMPLAINT**

her real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

211.   Plaintiff LAUDELYN GUTIERREZ is added herewith as Plaintiff ROE 155 pursuant to this Court's order authorizing ROE plaintiffs in this action. She is an individual who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on her real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

212.   Plaintiff ROWAN GUTIERREZ is added herewith as Plaintiff ROE 156 pursuant to this Court's order authorizing ROE plaintiffs in this action. She is an individual who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on her real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

213.   Plaintiff CYNTHIA IRELAND is added herewith as Plaintiff ROE 157 pursuant to this Court's order authorizing ROE plaintiffs in this action. She is an individual who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on her real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

214.   Plaintiff MARIA PANTOJA is added herewith as Plaintiff ROE 158 pursuant to this Court's order authorizing ROE plaintiffs in this action. She is an individual who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on her real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

56

**THIRD AMENDED COMPLAINT**

215.    Plaintiff JOSE JAVIER PANTOJA is added herewith as Plaintiff ROE 159 pursuant to this Court's order authorizing ROE plaintiffs in this action.  He is an individual who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his real estate.  At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

216.    Plaintiff JULIET SICSIC is added herewith as Plaintiff ROE 160 pursuant to this Court's order authorizing ROE plaintiffs in this action.  She is an individual who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on her real estate.  At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

217.    Plaintiff ASHMELLEY THERVIL is added herewith as Plaintiff ROE 161 pursuant to this Court's order authorizing ROE plaintiffs in this action.  She is an individual who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on her real estate.  At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

218.    Plaintiff ELIZABETH MCCULLOUGH is added herewith as Plaintiff ROE 162 pursuant to this Court's order authorizing ROE plaintiffs in this action.  She is an individual who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on her real estate.  At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

219.    Plaintiff BAYANI SIMPLICIANO is added herewith as Plaintiff ROE 163 pursuant to this Court's order authorizing ROE plaintiffs in this action.  He is an

57

**THIRD AMENDED COMPLAINT**

individual who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

220. Plaintiff LORI BATMAN is added herewith as Plaintiff ROE 164 pursuant to this Court's order authorizing ROE plaintiffs in this action. She is an individual who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on her real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

221. Plaintiff KEVIN BATMAN is added herewith as Plaintiff ROE 165 pursuant to this Court's order authorizing ROE plaintiffs in this action. He is an individual who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

222. Plaintiff HIROSHI NAKAYAMA is added herewith as Plaintiff ROE 166 pursuant to this Court's order authorizing ROE plaintiffs in this action. He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

223. Plaintiff OSCAR NAVARRO is added herewith as Plaintiff ROE 167 pursuant to this Court's order authorizing ROE plaintiffs in this action. He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by

58

**THIRD AMENDED COMPLAINT**

a deed of trust on his California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

224.   Plaintiff MARIA NAVARRO is added herewith as Plaintiff ROE 168 pursuant to this Court's order authorizing ROE plaintiffs in this action. She is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on her California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

225.   Plaintiff RAYMOND LEFEBVRE is added herewith as Plaintiff ROE 169 pursuant to this Court's order authorizing ROE plaintiffs in this action. He is an individual who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

226.   Plaintiff LISA LEFEBVRE is added herewith as Plaintiff ROE 170 pursuant to this Court's order authorizing ROE plaintiffs in this action. She is an individual who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

227.   Plaintiff GEORGE BENNETT is added herewith as Plaintiff ROE 171 pursuant to this Court's order authorizing ROE plaintiffs in this action. He is an individual who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

**THIRD AMENDED COMPLAINT**

**EXHIBIT A, PAGE 60**

228. Plaintiff AMANDA BENNETT is added herewith as Plaintiff ROE 172 pursuant to this Court's order authorizing ROE plaintiffs in this action. She is an individual who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on her real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

229. Plaintiff OMAR SACO is added herewith as Plaintiff ROE 173 pursuant to this Court's order authorizing ROE plaintiffs in this action. He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

230. Plaintiff JEAN JOSEPH is added herewith as Plaintiff ROE 174 pursuant to this Court's order authorizing ROE plaintiffs in this action. He is an individual who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

231. Plaintiff MARIE JOSEPH is added herewith as Plaintiff ROE 175 pursuant to this Court's order authorizing ROE plaintiffs in this action. She is an individual who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on her real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

232. Plaintiff LEONARD T. HERNANDEZ is added herewith as Plaintiff ROE 176 pursuant to this Court's order authorizing ROE plaintiffs in this action. He is an

60

**THIRD AMENDED COMPLAINT**

individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

233.   Plaintiff MODJULITA A. HERNANDEZ is added herewith as Plaintiff ROE 177 pursuant to this Court's order authorizing ROE plaintiffs in this action. She is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on her California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

234.   Plaintiff WALTER WEISS is added herewith as Plaintiff ROE 178 pursuant to this Court's order authorizing ROE plaintiffs in this action. He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

235.   Plaintiff DIANE WEISS is added herewith as Plaintiff ROE 179 pursuant to this Court's order authorizing ROE plaintiffs in this action. She is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on her California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

236.   Plaintiff WILLIAM RABELLO is added herewith as Plaintiff ROE 180 pursuant to this Court's order authorizing ROE plaintiffs in this action. He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by

61

**THIRD AMENDED COMPLAINT**

a deed of trust on his California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

237.    Plaintiff ALVIN BLAKE is added herewith as Plaintiff ROE 181 pursuant to this Court's order authorizing ROE plaintiffs in this action. He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

238.    Plaintiff TAWANA BLAKE is added herewith as Plaintiff ROE 182 pursuant to this Court's order authorizing ROE plaintiffs in this action. She is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on her California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

239.    Plaintiff BRETT HESKETT is added herewith as Plaintiff ROE 183 pursuant to this Court's order authorizing ROE plaintiffs in this action. He is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on his California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

240.    Plaintiff RIZZA HESKETT is added herewith as Plaintiff ROE 184 pursuant to this Court's order authorizing ROE plaintiffs in this action. She is an individual residing in the State of California, who borrowed money from Countrywide or its subsidiaries or affiliates between January 1, 2003 and December 31, 2007, secured by a deed of trust on her California real estate. At all times material hereto, Countrywide has acted as Servicer or some other control capacity over processing the loan.

62

**THIRD AMENDED COMPLAINT**